HORSESHOE MINING CO. v. MINERS' ORE SAMPLING CO.

(Circuit Court of Appeals, Eighth Circuit. July 19, 1906.)

No. 2,092.

1. ATTORNEY AND CLIENT—WHEN AUTHORITY NOT PRESUMED FROM ITS ASSUMPTION.

The assumption by an attorney at law, even if generally retained, of authority to act for his principal outside of the due and orderly prosecution, defense, or conduct of litigation or proceedings in courts does not create any presumption of actual authority so to act, but, as in the case of other agents, his acts must be shown to be within the scope of his authority, else they will not bind his principal.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, § 95.]

2. EVIDENCE—ATTORNEY AND CLIENT—ADMISSIONS BY ATTORNEY—EVIDENCE AGAINST PRINCIPAL.

The statements and admissions of an attorney at law in respect of his principal's business are inadmissible against his principal unless it is specially shown that they were authorized or that they were made in the due and orderly conduct of a case for the distinct purpose of dispensing with formal proof of the facts to which they relate.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 945–949.]

3. CORPORATIONS—CONTRACT—EXECUTION—EVIDENCE.

In the trial of an issue as to whether a stated contract was made with A. Company or with B. Company, the persons who negotiated the contract on behalf of one or the other of them being officers or agents of both, evidence that A. Company was a large stockholder of B. Company is inadmissible.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

Richard McKnight (W. C. Kingsley, on the brief), for plaintiff in error.

E. W. Hurlbut (H. A. Hicks, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This writ or error challenges a judgment obtained by the Miners' Ore Sampling Company against the Horseshoe Mining Company in an action to recover a balance alleged to be due for ores and metals sold and delivered under a verbal contract. The trial was to a jury. One of the questions aris-

ing under the pleadings, and in respect of which the evidence was particularly conflicting, was whether the Sampling Company's contract was with the Horseshoe Company or with the National Smelting Company. The question seems largely to have arisen out of the fact that some of the persons who participated in negotiating the contract, as also in its partial execution, were officers or agents of both the Horseshoe Company and the National Company. Over the objection of the defendant the plaintiff was permitted to read in evidence two letters containing statements and admissions which, if made or authorized by the defendant, might well be regarded as a recognition of the plaintiff's claim. The letters were written before the commencement of the action by one whose only relation to the defendant was, that he was its resident attorney at Deadwood, S. D., in the vicinity of which its business was principally transacted. Complaint is made of the admission of these letters, and we think it was erroneous. The assumption by an attorney at law, even if generally retained, of authority to act for his principal outside of the due and orderly prosecution, defense, or conduct of litigation or proceedings in courts does not create any presumption of actual authority so to act, but, as in the case of other agents, his acts must be shown to be within the scope of his authority, else they will not bind his principal. Stone v. Bank of Commerce, 174 U. S. 412, 421, 19 Sup. Ct. 747, 43 L. Ed. 1028. And particularly are his declarations, statements, and admissions in respect of his principal's business inadmissible against his principal unless it is specially shown that they were authorized or that they were made in the due and orderly conduct of a case for the distinct purpose of dispensing with formal proof of the facts to which they relate. 1 Greenleaf, Ev. (14th Ed.) § 186; 2 Wharton, Ev. (3d Ed.) § 1184; 2 Wigmore, Ev. § 1063; Weeks on Attorneys (2d Ed.) § 223; Saunders v. McCarthy, 8 Allen (Mass.) 42; Durnford v. Clark's Estate, 3 La. 199; Treadway v. S. C. & St. P. R. R. Co., 40 Iowa, 526; McGarry v. McGarry, 9 Pa. Super. Ct. 71; Wagstaff v. Wilson, 4 Barn. & Adol. 339. See, also, Miller v. United States, 66 C. C. A. 399, 133 Fed. 337. As the letters were not written by an attorney defending the action with the purpose of dispensing with proof otherwise required of the plaintiff, and as there was no evidence that the attorney who wrote them was authorized to make the statements and admissions which they contain, it follows that the letters were inadmissible. The case is essentially different from that of Brown v. Arnold, 67 C. C. A. 125, 131 Fed. 723, relied upon by counsel, wherein we held that:

"The retainer of an attorney at law to conduct an action confers upon him authority to stipulate with opposing counsel after the rendition of a judgment in favor of his client and after the close of the term of court at which it is rendered, but within the time for procuring a writ of error, that the case shall abide the final decision of another action which involves the same question and is conducted by the same attorneys."

Evidence was also admitted over the defendant's objection to the effect that it was a large stockholder in the National Smelting Com-

pany. We think this was error. Whether the plaintiff's contract was with the defendant or with the other company must be determined by ascertaining for which of these companies the persons who negotiated the contract with the plaintiff, and who occupied the dual relation before described, were acting in that transaction, and evidence that the defendant was or was not a stockholder in the other company is altogether apart from that question and without probative value in its solution. The court evidently came to this conclusion before the completion of the trial, because in its charge to the jury this evidence was in effect withdrawn from their consideration. We would, therefore, have taken no notice of the matter, but for the continued insistence of the plaintiff that the evidence was admissible.

The judgment is reversed, with a direction to grant a new trial.