ÆOLIAN CO. v. ROYAL MUSIC ROLL CO.

(District Court, W. D. New York. June 18, 1912.)

COPYRIGHTS (§ 76*)—MUSICAL COMPOSITIONS—RECORDS FOR MECHANICAL PRODUCTION—PIRACY—"PERSON AGGRIEVED."

Copyright Act March 4, 1909, c. 320, § 1e, 35 Stat. 1075 (U. S. Comp. St. Supp. 1911, p. 1472), gives the owner of a copyright for a musical composition the exclusive right to make or license another to make perforated music rolls or records for mechanically producing such composition, subject to the condition that, if he shall make or authorize the making of such records, any other person may make similar use of the work on payment of a fixed royalty. The right so given to a subsequent maker, however, does not authorize him to copy the record of the first maker, but his work must be done from the original composition, and under section 36 of the act, which authorizes a suit in equity by any person aggrieved to enjoin the violation of any right secured thereby, the original

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

maker, whether the proprietor of the copyright or his licensee, is entitled to an injunction to restrain such copying or reproduction of his records.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 68; Dec. Dig. § 76.*

For other definitions, see Words and Phrases, vol. 1, pp. 271–273; vol. 8, p. 7569.]

In Equity. Suit by the Æolian Company against the Royal Music Roll Company. On motion for preliminary injunction. Granted.

George D. Beattys, of New York City, for complainant.
Thayer & Tuttle, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. The question raised in this case involves the right of the complainant, the Æolian Company, under the copyright act of March 4, 1909, to restrain the defendant, the Royal Music Roll Company, from copying and duplicating perforated music rolls or records manufactured by the former. While, under the provisions of the copyright law, such music rolls or records are not strictly matters of copyright, Congress in passing the enactment evidently intended to protect copyright proprietors in their right to their productions, and to give them an exclusive right to print, publish, and vend the same. If the copyrighted work be a musical composition, the owner, under the provisions of the statute, after complying therewith, has the exclusive right to perform it publicly for profit, and may, if he chooses so to do, make "an arrangement or setting" of the musical composition, published or copyrighted after the passage of the act, for mechanical reproduction. In this manner the copyright owner retains control of the right to manufacture music rolls, and the mechanical reproduction of such music or composition is optional with him. If he elects to mechanically reproduce it, or knowingly acquiesces in such use of reproduction by another, "any other person," the act says, "may make similar use of the copyrighted work" upon payment of a royalty.

The bill avers that, prior to making the music rolls or records in question, complainant was given permission and license to mechanically reproduce the copyrighted composition and to make perforated rolls therefrom. By such permission or license the owners of the copyright transferred to the licensees their right to manufacture perforated rolls, or parts, or instruments to mechanically reproduce the copyrighted music. The provision of the statute (section 1e) that "any other person may make similar use of the copyrighted work" becomes automatically operative by the grant of the license; but the subsequent user does not thereby secure the right to copy the perforated rolls or records. He cannot avail himself of the skill and labor of the original manufacturer of the perforated roll or record by copying or duplicating the same, but must resort to the copyrighted composition or sheet music, and not pirate the work of a competitor who has made an original perforated roll.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant contends there is no provision in the copyright act for an action of this kind by the manufacturer of perforated rolls or records—a licensee of the copyright proprietor—and that the license herein granted conveyed nothing beyond the right to use the copyrighted music. This court, however, is of a different opinion and thinks that Congress gave to the owner of the copyrighted work and to his licensee the right to maintain an action such as this. By section 36 of the copyright act it is provided that any party aggrieved may file a bill in equity and a Circuit (now District) Court of the United States may grant an injunction to prevent and restrain the violation of any rights secured by such act. To effect the purpose intended by Congress, this provision must be given reasonable construction (Bobbs-Merrill Co. v. Straus et al., 210 U. S. 339, 28 Sup. Ct. 722, 52 L. Ed. 1086), and to give it such construction requires holding that the phrase "any party aggrieved" includes a licensee who has obtained a right to manufacture and sell perforated rolls. The phrase is not limited merely to owners of the copyright, but is broad enough to include licensees or others having permission from the owner of the copyright to mechanically reproduce the musical composition.

The allegation charging copying of the rolls by the defendant is not denied. The motion for temporary injunction is granted.