## TED BROWNE MUSIC CO. v. FOWLER et al.

(Circuit Court of Appeals, Second Circuit. June 4, 1923.)

No. 291.

1. **Parties ☞75(3)—Objection must be made promptly.**

Objections relating to parties must generally be made promptly, or they will be deemed waived.

2. **Equity ☞330(1)—Failure to join issue waived by proceeding to trial.**

Failure to file an· answer, bill, or reply, or any pleading which is necessary to frame an issue, or otherwise failing to join issue properly, or at all, on any and all of the allegations appearing in the pleadings, is deemed waived by voluntary proceeding to trial as though issue was properly joined.

3. **Copyrights ☞82—Plaintiff must by proper averments connect himself with copyright.**

Where a copyright is not obtained in the plaintiff's name, the plaintiff in a suit for infringement must connect himself with it by proper averments, showing assignment or transfer of it to him, or a license under it sufficient to entitle him to sue, and, where the facts are properly stated, the legal conclusion therefrom may be pleaded, even in the alternative form, in such an endeavor.

4. **Copyrights ☞76—Owner of equitable rights may sue in equity.**

The owner of the equitable title to a copyright is not a licensee, and may sue in equity, particularly where the owner of the legal title is an infringer, or one of the infringers, thus occupying a position hostile to the plaintiff, in view of Act March 4, 1909, § 36 (Comp. St. § 9557).·

5. **Copyrights ☞81—Owner of legal title must be generally joined as party.**

In a suit for. infringement by the owner of only an equitable title to a copyright, the owner of a legal title must ordinarily be joined as a party.

6. **Copyrights ☞41,42—One obtaining copyright of joint work holds legal title in trust.**

The author, who obtains a copyright of a joint work in his own name, has legal title in trust for the benefit of his colleagues.

7. **Copyrights ☞77—Infringement is a tort, and infringers are· jointly and severally liable.**

Infringement of a copyright is a tort, and all persons concerned therein are jointly and severally liable as such joint tort-feasors.

8. **Copyrights ☞81—Persons infringing severally not to be sued jointly.**

Where the defendants have acted severally, and not jointly or in concert, in committing an infringement of a copyright, they cannot be sued jointly.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Ted Browne Music Company against Lemuel Fowler and others for an injunction restraining them from infringing complainant's copyright. Decree for complainant. Defendants appeal. Modified.

Abner Greenberg, of New York City, for appellants.

L. & A. U. Zinke, of New York City (Alexander U. Zinke and Ira J. Schuster, both of New York City, of counsel), for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. The appellee claims title to the copyright in question by reason of an assignment dated April 23, 1921, wherein the appellant Fowler sold to the Francis Clifford Music Company, Inc., music publishers, in Chicago, Ill., the words and music of a song "He May Be Your Man, but He Comes to See Me Sometimes." This contract provided that, in the event of the publication of the song, Fowler was to receive royalties as therein stated. The testimony shows that Fowler agreed to work his way to New York to help popularize the song, and to do this through letters of introduction furnished by the Clifford Company; it being particularly desired to have the song recorded by the mechanical producing companies before copies of sheet music be printed. He was to sell the music and records of songs already published by the Clifford Company to defray his expenses to New York. He apparently played the song in various cities between New York and Chicago, and arrived in New York in January, 1922. Through the letters of introduction furnished him, he was able to get the Arto Record Company of New Jersey to record his musical composition. Later, in February, 1922, one Tomaso, a music writer, made a loan to the Francis Clifford Music Company and received its stock as security. He was obliged to foreclose on this stock and bought it in, thus obtaining control of that company. He, as president of the Clifford Company, assigned the contract to this appellee. Without the knowledge of the appellee's assignor, the appellant Fowler secured a copyright registration of the song on February 20, 1923. Thereafter Fowler sold his copyright to the appellant Bradford, doing business as named in the bill of complaint, and he proceeded to publish the song, securing a copyright for the same as a published composition in his own name on May 1, 1922. Thereafter the appellee instituted this suit.

The bill of complaint sets forth these facts, and in addition alleges that Fowler, in violation of the appellee's rights, asserted ownership and dominion over the musical composition and copyrighted the same in his own name, receiving a certificate therefor; that the appellee was the sole musical proprietor and owner of the composition or song, and in July, 1922, published the song, placing the same on sale to the general public, marking it, "Copyrighted MCMXII, by Ted Browne Music Co., Chicago, Ill.," thus affixing to each copy its copyright notice. It alleged, further, that the appellants and each of them, acting in concert and in violation of its rights, entered into contracts with various companies for the mechanical recording of the song on musical records and instruments, and that they sold in the form of sheet music this song to the general public, printing thereon a notice of copyright ownership in them. The relief prayed for was an injunction and an accounting.

It is thus plain that the action is one for infringement of copyright, title to which was alleged to have been in the appellee. The answer as found in the record, names Abner Greenberg as a defendant. The appellant Fowler did not file a formal answer in time, but appeared by counsel and was present at the trial. Notice of this was taken at the trial, and appellee's counsel asked for a decree pro confesso against Fowler. Thereupon appellant Greenberg appeared and asked to be

made a party defendant, and asked leave to file an answer. Some discussion followed, and counsel for Fowler asked that his answer be then taken, which was a general denial, and then the following occurred:

"Mr. Weiss: Will you take his answer as a general denial?

"The Court: I suppose he will put in an answer for him.

"Mr. Zinke: I would like Mr. Weiss to act under the retainer on Fowler's attorney.

"Mr. Weiss: What I will do is prepare an answer and let him sign his own name and appear in person, but I cannot appear as attorney of record for him.

"Mr. Zinke: If it is going to be a matter of form, that will simply tend to delay, then I certainly will consent that the answer be taken for the purposes of the record.

"The Court: All right; there is a general denial of each allegation.

"Mr. Greenberg: Will you take my answer that way, Mr. Zinke?

"Mr. Zinke: Your answer is a general denial, too, certainly."

Thereupon some discussion followed as to the jurisdiction of the court, and the trial judge resolved that in favor of the appellee's contention, stating that he followed the principle of the case of Wooster v. Crane, 147 Fed. 518, 77 C. C. A. 211.

[1, 2] Objections relating to parties must generally be made promptly, or they will be deemed waived. Here it appears that the appellant Greenberg not only did not object, but consented to be a party, and this was a waiver of the claim of being improperly made a party defendant. Dalton v. Moore, 141 Fed. 311, 72 C. C. A. 459. This rule is now commonly accepted that failure to file an answer, bill or reply, or any pleading which is necessary to frame an issue, or otherwise failing to join issue properly, or at all, upon any and all of the allegations appearing in the pleadings is deemed waived by voluntary proceeding to trial as though issue was properly joined. Bank of Havelock v. Western Union Tel. Co., 141 Fed. 522, 72 C. C. A. 580, 4 L. R. A. (N. S.) 481, 5 Ann. Cas. 515; No. Chicago St. Ry. Co. v. Burnham, 102 Fed. 669, 42 C. C. A. 584; Muldoon v. Blackwell, 84 N. Y. 646.

[3] We think the court had jurisdiction of the subject-matter and also of the parties, and the filing of a formal answer was waived by the appellants Greenberg and Fowler. Where a copyright is not obtained in the plaintiff's name, the plaintiff must connect himself with it by proper averments, showing assignment or transfer of it to him, or a license under it sufficient to entitle him to sue. Where the facts are properly stated, the legal conclusion therefrom may be pleaded, even in the alternative form, in such an endeavor. Black v. Allen Co. (C. C.) 42 Fed. 618, 9 L. R. A. 433; S. E. Hendricks v. Publishing Co., 242 Fed. 37, 154 C. C. A. 629; Wooster v. Crane, 147 Fed. 518, 77 C. C. A. 211.

[4-6] The owner of the equitable title is not a mere licensee, and he may sue in equity, particularly where the owner of the legal title is an infringer, or one of the infringers, thus occupying a position hostile to the plaintiff. Wooster v. Crane, supra. By express provision of the present statute "any party aggrieved" may sue for an injunction to restrain the violation of any rights secured by the copyright (35 Stat. 1075, c. 320, § 36 (Comp. St. § 9557); Æolian Co. v.

Royal Music Co. (D. C.) 196 Fed. 926. Indeed, in a suit by the owner of only an equitable title, the owner of the legal title must ordinarily be joined as a party. Historical Co. v. Jones Pub. Co., 231 Fed. 639, 145 C. C. A. 524. In this case it was held that an agreement whereby the owner of a copyright agreed to sell and the other party agreed to buy the copyright, the sale to be executed nearly two years thereafter on the buyer making a certain payment, vests an equitable title to the copyright in the buyer, which gives it sufficient interest in a bill by the seller and the buyer to restrain the infringement. This court has held that the author, who obtains a copyright of a joint work in his own name, has legal title in trust for the benefit of his colleagues. Maurel v. Smith (C. C. A.) 271 Fed. 211.

[7, 8] Courts have long recognized that infringement of a copyright is a tort, and all persons concerned therein are jointly and severally liable as such joint tort-feasors. Gross v. Van Dyk Gravure Co., 230 Fed. 412, 144 C. C. A. 554. The rule as to parties follows the rule of liability, but where the defendants have acted severally, and not jointly or in concert, in committing an infringement, they cannot be sued jointly. Appellants Fowler and Greenberg, by their contract, agreed to act jointly, for it was agreed that Greenberg was to receive 50 per cent. interest "in the said song, and it is agreed that we are to publish the said song jointly, popularize the same, and share all of the profits of said song, share and share alike," and it was agreed that Fowler was "to execute an assignment of the copyright to a partnership name to be used for the purpose of publishing the said song." Under these circumstances, an equitable title existed in Greenberg to the extent of 50 per cent. interest in what Fowler had, and the legal title in the copyright was in Fowler.

Greenberg insisted in sharing in this interest at the trial, for he appeared voluntarily to protect his interest and acted as his own counsel, entering his appearance as such. He actively participated in the examination and cross-examination of witnesses, and, as the record indicates, he offered in evidence most of the exhibits which were offered by the appellants. He asked for and received an adjudication of his claim as to his interest in the copyright. He asked for the privilege and received the consent to appear without a formal answer, except such as became a part of the record at the trial on his application. But it is urged that depositions were taken in Chicago in Greenberg's absence. However, personal notice was served upon all of the defendants, including Fowler and Greenberg, in accordance with §§ 863–866 of the Revised Statutes (Comp. St. §§ 1472–1474, 1477). It thus appears that he had full opportunity to attend and cross-examine the witnesses.

The proof justified the conclusion of the trial judge that the appellee had obtained good title by the conveyance to it, and that, when Fowler assigned to Bradford his copyright, he had already disposed of his interest in the song, and the conveyance to Bradford did not interfere with the appellee's title. It had an equitable interest in the copyright subsequently secured by Fowler. We think the court below very properly restrained the appellants as infringers.

The court in its decree awarded damages and costs against the appellant Greenberg. While Greenberg had an interest in whatever Fowler had, and agreed with the latter to "publish the said song jointly, popularize the same, and share all of the profit of the said song, share and share alike," and to form a partnership to which the copyright would be assigned "for the purpose of publishing the said song," still the record does show that Greenberg did not secure or share in the profits because of this equitable interest. He did nothing jointly to popularize the song, nor was an assignment made of the copyright to a "partnership name" to be used "for the purpose of publishing the said song." Under these circumstances, we think the appellant Greenberg was properly enjoined from threatened infringement, but that no accounting should be decreed against him. Since he resisted the injunctive relief sought by the appellee, he should be obliged to sustain the burden with the other defendants of counsel fee and the costs of the suit as awarded below.

The decree is modified, so as to relieve the appellant Greenberg from the provision to account for damages, and he will recover the costs on this appeal; the appellee will recover costs against the other appellants.

Decree modified accordingly.