### BUCK et al. v. CECERE.

#### Civ. No. 672.

District Court, W. D. New York.

May 11, 1942.

Hancock, Dorr, Ryan & Shove, of Syracuse, N. Y. (Louis D. Frohlich and Jack M. Nitzburg, both of New York City, of counsel), for plaintiffs.

Chacchia, Lynch & Roberts, of Geneva, N. Y., for defendant.

BURKE, District Judge.

Plaintiffs bring this action under the Copyright Law, 17 U.S.C.A. § 25, to enjoin the defendant's performance of the musical composition "We Three" and for damages for an alleged performance. The evidence warrants a finding that the number was played in defendant's restaurant on April 5, 1941, without plaintiffs' consent. The defense that the use of ASCAP music, if use was made of it, was without the defendant's consent and contrary to his orders, is without merit. Buck v. Jewell-La Salle Realty Co., 283 U.S. 191, 198, 51 S.Ct. 410, 75 L.Ed. 971, 76 A.L.R. 1266; M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470, affirmed 4 Cir., 2 F.2d 1020; Buck et al. v. Coe, D.C., 32 F.Supp. 829.

The defendant set forth in his answer a separate defense that the plaintiffs are furthering a monopolistic scheme in violation of Acts of Congress forbidding monopolies and agreements in restraint of trade. Infringement of a copyright is a tort. Ted Browne Music Co. v. Fowler, 2

442

Cir., 290 F. 751. The defense alleged is not available to a defendant in an action for infringement of a copyright. M. Witmark & Sons v. Pastime Amusement Co., supra; F. A. D. Andrea, Inc., v. Radio Corp. of America, D.C., 14 F.Supp. 226, and authorities cited. Affirmed 3 Cir., 88 F.2d 474. Judgment for plaintiffs as prayed for with damages of $250 and attorneys fees of $100 and costs.