EDWARD B. MARKS MUSIC CORPORA-
TION v. FOULLON et al.

Civ. 41–741.

United States District Court

S. D. New York.

May 11, 1948.

Arthur E. Garmaize, of New York City,
for plaintiff.

Joseph R. Miller, of New York City, for
defendants Seva Foullon and United Mas-
ters, Inc.

Dannenberg, Hazen & Lake, of New York City (Benedict A. Leerburger, of New York City, of counsel), for defendant Bard Record Co., Inc.

GODDARD, District Judge.

This is a suit by the plaintiff for alleged infringement of a copyright and for an accounting and royalties under Sections 1(e) and 25(e) of the Copyright Act of March 4, 1909, 17 U.S.C.A. §§ 1(e) and 25(e).

Subsequent to filing the complaint against defendants Foullon and United Masters, Inc., plaintiff filed an amended complaint containing identical allegations but which included Bard Record Company, Incorporated, as a defendant.

The first cause of action alleges that the plaintiff has all right, title and interest in and to the copyright of the song "Malaguena" and that the plaintiff has published the work or permitted the publication by license or otherwise in strict conformity with the provisions of the Copyright Act of March 4, 1909. The plaintiff then alleges that "the defendants made or caused to be made a musical version and arrangement of the work entitled 'Malaguena'"; that "the said version and arrangement was and is being used by defendants for commercial purposes"; that "the said musical version and arrangement was made without the knowledge or consent of the plaintiff"; that "the said musical arrangement infringers upon the copyright of the plaintiff".

The second cause of action alleges that the defendants recorded or caused to be recorded the alleged infringing arrangement and version; that the plaintiff has filed a notice of use of the said musical work upon parts of instruments serving to reproduce it mechanically; that defendants have not filed in the Copyright Office a notice of intention to use the copyrighted work in the manufacture of phonograph records; although plaintiff has requested reports as to the number of records manufactured, and payment of the statutory royalties due the plaintiff, the defendants have failed and refused to furnish reports and pay the royalties.

The plaintiff's prayer for relief is that the defendants account and pay damage suffered by the plaintiff for the infringing arrangement and version; or, in lieu thereof, statutory damages and furnish a report and pay royalties due on the manufacture of the records, plus the usual injunctive relief against subsequent infringement.

Motions for summary judgment by defendants and by plaintiff were denied by Judge Leibell on the ground that there were issues of fact which required a trial.

The defendants, Foullon and United Masters, Inc. in their answer, although they admit that an arrangement and version was made and was being used for commercial purposes denied that the version and arrangement was made without the knowledge and consent of the plaintiff, or that it infringed the copyright of the plaintiff.

The defendant's, Bard Record Company, Incorporated, answer is a general denial.

The defendants, Foullon and United Masters, Inc. admit in their answer that there is owing to the plaintiff a certain amount of royalties. All defendants set up as a separate and distinct defense the existence of an alleged license agreement between plaintiff and defendant, United Masters, Inc., which appears to give the latter the right to use the words and music of the copyrighted song in the manufacture of records.

The process in making a record to be sold at retail was as follows: The defendant, Foullon, as president of United Masters, Inc. engaged artists and a recording studio; the artists rendered a version and arrangement of the copyrighted composition which was recorded on a wax or acetate disc; this disc was then sent to an electroplating plant with whom United Masters, Inc. had contracted, and there a metal master, a mother and stampers were made. Upon the instruction of United Masters, Inc. the stampers were then sent to the defendant Bard and all the other equipment was left in the possession of the electroplating plant. Defendant Bard then used the stampers to press out the shellac record the consumer purchases. Neither the artists, the electroplating plant nor the recording studio are defendants.

The plaintiff's first cause of action against all defendants appears to be based on the following premises:

1. The right to make a version and arrangement of a copyrighted musical composition is exclusively that of the copyright owner;

2. The alleged license relied on as a defense is not a separate and distinct contract but is merely a memorandum of the defendant, United Masters, Inc. use of the compulsory license provision of Section 1(e) of the Copyright Act of March 4, 1909.

3. The compulsory license provisions of Section 1(e) does not include the right to make a version and arrangement.

4. Even if the license agreement is separate and distinct from the compulsory license provisions it did not include the right to make a version and arrangement.

5. Therefore when United Masters, Inc. and/or Foullon made a version and arrangement of the copyrighted work for commercial purposes they went beyond the rights granted to them, either by "compulsory license" or by the contractual license.

6. And when defendant Bard pressed a record with the grooves which constituted this version and arrangement, it likewise infringed plaintiff's copyright.

█ There is no doubt that the copyright owner of a musical composition has a right to make a version and arrangement. Andur "Copyright Law and Practice" (1936), Ch. VIII, Sec. 14, p. 298. However, this right is limited.

█ Section 1(e) of the Act of 1909 provides in part that the copyright owner shall have the exclusive right "To perform the copyrighted work publicly for profit if it be a musical composition; and for the purpose of public performance for profit, and for the purposes set forth in subsection (a) hereof, to make any arrangement or setting of it or of the melody of it in any system of notation or any form of record in which the thought of an author may be recorded and from which it may be read or reproduced: * * *". Subdivision (a) is the right to "print, reprint, publish, copy, and vend the copyrighted work". Therefore, it is evident that the separate and distinct right to make an arrangement and version is limited to printing, reprinting, etc. It does not cover or include the right to mechanical reproduction. Those rights in subdivision (a) are separate and distinct from the right to mechanical reproduction. Corcoran v. Montgomery Ward & Co., 9 Cir., 121 F.2d 572. It is well settled that the intellectual conception is not protected apart from the manner of its use. Corcoran v. Montgomery Ward & Co., supra; it is also settled that the manner of use in mechanical reproduction is not covered by the provisions of subsection (a) printing, etc. White-Smith Music Pub. Co. v. Appollo Co., 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655, 14 Ann.Cas. 628. This right of mechanical reproduction set forth in subsection (e) is distinct from the rights set forth in subsection (a) and also the right to publicly perform for profit set forth in subsection (e). Interstate Hotel Co. v. Rennick Music Corporation, 8 Cir., 157 F. 2d 744; White-Smith Music Publishing Co. v. Appollo Co., supra.

To hold that the separate and distinct right to make a version and arrangement also existed in connection with the right to mechanical reproduction, would be to rewrite the section so as to add to subsection (a) the right to mechanical reproduction. This the Congress has steadfastly refused to do on the ground that to grant to the copyright owner the right to control the arrangement and version of the mechanical reproduction would be to create an opportunity for the birth of mechanical trusts. See Committee Report (2222) contained in the "Copyright Law" by Herbert A. Howell, p. 194; Proposed Amendment of the Act of 1909, Congressional Record of January 8, 1940, Senate, pp. 134-149. Congress has recently as July 30, 1947 refused to change or extend the rights of the copyright owner in the way the plaintiff urges this court to do. See Copyright Act of July 30, 1947 Section 1(e) enacted without change 17 U.S.C.A. § 1 et seq. supra.

The court may not create a right which the Congress has seen fit not to grant.

█ There is no evidence showing either the mechanical reproduction initially made by the plaintiff or by its licensee, nor in what way the defendants' version and ar-

rangement differed from it. For that reason alone the claim is not sustained.

It is also to be noted that the requirement that a "compulsory licensee" be limited in its use in mechanical reproduction to the use originally made or granted by the plaintiff in the initial mechanical reproducton, has been liberally construed. This requirement has been said to mean that the reproduction need not be identical, but that some latitude must be allowed to each manufacturer to prepare an individual instrumental or vocal arrangement of the composition. Shafter, Musical Copyright (1932), p. 230; Third Copyright Law Symposium, 1940, pp. 123-124.

If the license agreement be treated as a contract the plaintiff has not shown that it did not grant the defendant United Masters, Inc. the right to make a version and arrangement. The plaintiff has not shown that the license did not inherently grant the defendant United Masters, Inc. the right to make a version and arrangement when it granted United Masters, Inc. the right to use the words and music. Certainly the plaintiff realized that defendant United Masters, Inc. was not just going to use words and music without making some arrangement of both the words and music.

Since there is no infringement, defendant Bard, as well as United Masters, Inc. and Foullon are not liable on the first cause of action.

The plaintiff's second cause of action is based upon the ground that the defendants have failed to comply with the provisions of Section 1(e) of the Act of 1909, by failing to render sworn accounts as to the number of records manufactured and to pay the statutory royalties due therein. The reason plaintiff brings defendant Bard in is because it maintains that Bard is a "manufacturer" within the meaning of Section 1(e) and the other defendants are practically bankrupt.

As has been previously pointed out Bard was the last instrumentality in a chain of production. In short, United Masters, Inc. was the general manufacturer, and was so considered by the plaintiff. United Masters, Inc. hired the artists, recording studio, electroplating plant, and finally the pressing outfit.

As early as 1926 owners of copyrights presented to the Congress comparable situations and have requested it not to limit the owners recourse to the general manufacturer where sub-contracting manufacturers are involved and the general manufacturer is judgment-proof. The decision in G. Ricordi & Co. v. Columbia Graphophone Co., D. C., 270 F. 822 was brought to the attention of the Congress, which case held that the various steps taken to produce the stamper were all essential to the manufacturer and that the party who made all the arrangements was deemed to be the manufacturer. See Hearings H. R. 1043 (1926) pp. 284–285 before Patents Committee, Shafter Musical Copyright p. 244. However, the Congress took no action to rectify this alleged shortcoming in the statute; and the court may not legislate.

It is conceded that defendant United Masters, Inc. is liable for statutory royalties. The sole remaining question is the individual liability of Foullon.

Although plaintiff cites cases where individuals were held liable for what appeared to be the acts of corporate bodies, these cases all concern individual liability where there has been infringement by a corporate body. The case at bar is void of any element of infringement.

The record shows that Foullon served as an officer of United Masters, Inc., but all the actions in the manufacturing of the records were done as corporate acts. The Copyright Act makes the manufacturer liable; it does not refer to the officers, agents or employees.

The complaint and amended complaint are dismissed on the merits as to defendants Foullon and Bard Recording Company, Incorporated, without costs, and the First cause of action is dismissed without costs as to the defendant United Masters, Inc. The defendant, United Masters, Inc. has admitted the manufacture by it of 5555 records, and under Sections 1(e) and 25(e) of the Copyright Act, the plaintiff is entitled to two cents for each record plus, and in the discretion of the court, a further sum by way of damages not to exceed

668

three times the amount due as royalty. Under all the circumstances, I think a total award of $333.30 is fair and reasonable, and plaintiff may have judgment for $333.30 against defendant United Masters, Inc with costs.

All parties to promptly submit proposed Findings of Fact and Conclusions of Law upon five days' notice.