**REEVE MUSIC CO., Inc. and Robbins Music Corporation, Plaintiffs-Appellees,**

v.

**CREST RECORDS, INC. and Shelley Products Ltd., Defendants-Appellants.**

**No. 22, Docket 25991.**

United States Court of Appeals Second Circuit.

Argued Nov. 3, 1960.

Decided Dec. 15, 1960.

Jack Pearl, New York City, for defendants-appellants.

Julian T. Abeles, New York City, for plaintiffs-appellees.

Before SWAN, CLARK and MEDINA, Circuit Judges.

SWAN, Circuit Judge.

This is an action brought under the Copyright Act, 17 U.S.C.A. § 1 et seq. and 28 U.S.C.A. § 1338. Plaintiffs are music publishers, and each of them is the owner of the copyright of a popular song, Reeve's song being entitled "I'm In Love Again," and Robbins' "Too Young To Go Steady." Each plaintiff has permitted persons other than the defendants to reproduce its song on phonograph records. Consequently, the defendants might have acquired a compulsory license to reproduce the songs by complying with the provisions of sections 1(e) and 101(e) of the Act, 17 U.S.C.A. §§ 1(e), 101(e) but neither defendant made any attempt to do so. Plaintiffs' complaint charged the defendants with infringement and sought damages and an injunction. Each plaintiff moved under F.R.Civ.P. Rule 56, 28 U.S.C.A., for summary judgment, and Judge Abruzzo granted the motions in an opinion, D.C., 190 F.Supp. 272. He gave judgment in favor of each plaintiff "on the issue of liability," referred the cause to a special master to "ascertain the royalties and any further sum by way of damages to which each of plaintiffs may be entitled, and report to this Court thereon," and enjoined the defendants, "until the further order of this Court, from manufacturing, or participating or being concerned in the manufacture of any parts of instruments serving to reproduce mechanically said copyrighted musical compositions of plaintiffs."

Although neither party has raised any question as to appellate jurisdiction, the court is constrained to do so. It is clear under the authorities that the reference to a master to ascertain damages and report back renders the judgment interlocutory, and that only the propriety of the temporary injunction can be considered by us on this appeal. Sheldon v. Moredall Realty Corp., 2 Cir., 95 F.2d 48; Zwack v. Kraus Bros., 2 Cir., 237 F.2d 255, 262, and cases there cited.

The defendants are affiliated corporations to whom we shall refer respectively as Crest and Shelley. They conducted their operations at the same address in Huntington Station, N. Y. Crest produced the "master stamper" which Shel-

ley used to "press" a number of records which included the plaintiffs' songs. Each defendant contends that it was acting as a subcontractor for Solitaire Recording Co., Ltd., a Canadian corporation, which was not a party to plaintiffs' action, and that neither manufactured the infringing records within the meaning of § 101(e) which, *inter alia,* empowers the court to grant an injunction against copyright infringement by the "unauthorized manufacture, use, or sale of interchangeable parts, such as disks, rolls, bands, or cylinders for use in mechanical music-producing machines adapted to reproduce the copyrighted music."

The defendants contend that their position is supported by G. Ricordi & Co. v. Columbia Gramophone Co., D.C.N.Y., 270 F. 822, 826 and Edward B. Marks Music Co. v. Foullon, D.C.N.Y., 79 F.Supp. 664, affirmed, 2 Cir., 171 F.2d 905. We do not agree. Ricordi lists nine steps in the making of a phonograph record. It was found that the defendant took the first eight of these nine steps and the court ruled that such a defendant, who takes steps "essential" to manufacture, is a manufacturer "within the intent and meaning of the copyright statute." This is not a holding, as the defendants seem to believe, that all the first eight steps must be taken to constitute a defendant a manufacturer. Shelley relies upon the Marks case as establishing that a defendant who performs only the ninth step, as Shelley did here, is not a manufacturer; but there the court, in dismissing as to Bard, was dealing with the meaning of "manufacturer" for purposes of the statutory royalty imposed upon authorized "manufacturers" by § 1(e).

 Under § 101(e), on the other hand, "manufacture" is an act of infringement, and "courts have long recognized that infringement of a copyright is a tort, and all persons concerned therein are jointly and severally liable as such joint tort-feasors." Ted Browne Music Co. v. Fowler, 2 Cir., 290 F. 751, 754. We think it plain that here, whether or not the separate act performed by each de-

fendant constitutes "manufacture," the two defendants, acting in concert, "manufactured" the infringing discs.

Therefore, that part of Judge Abruzzo's order which enjoins the defendants from continuing their conduct in regard to these two songs is affirmed, although appeal from other parts of his order must be dismissed.