LEO FEIST, INC., Mills Music, Inc., Shapiro, Bernstein & Co., Inc., De Sylva, Brown & Henderson, Inc. and Peer International Corporation, Plaintiffs,

v.

APOLLO RECORDS N. Y. CORP., Mastertone Recording Studios, Inc., Gene Sayet, Sidney Feldman, George Albert and Carl Le Bow, Defendants.

No. 62 Civ. 1935.

United States District Court
S. D. New York.
Nov. 15, 1968.

See also, D.C., 300 F.Supp. 32.

---

6. See fn. 1, supra.

Abeles & Clark, New York City, for plaintiffs; Julian Abeles, Robert C. Osterberg, New York City, of counsel.

Johnson, Zimbalist & Tannen, New York City, for defendants Apollo Records N. Y. Corp., George Albert and Carl Le Bow; Samuel A. Zimbalist, New York City, of counsel.

M. Warren Troob, New York City, for defendants Mastertone Recording Studios, Inc., Gene Sayet and Sidney Feldman.

LEVET, District Judge.

Defendants Mastertone Recording Studios, Inc., Gene Sayet and Sidney Feldman have moved to dismiss the complaint against them for failure of the plaintiff to constitute a cause of action. The motion is denied.

The above-named defendants are, respectively, the corporate recording studio and two recording engineers who admittedly recorded the musical performances eventually memorialized in "The Swinging 20's Go Latin," a phonograph record produced and sold by Apollo Records. These defendants assert (1) that they had no proximate connection with the manufacture, sale or distribution by Apollo Records of the offending recording; (2) that they had neither actual nor constructive knowledge of the infringing nature of the recording; and (3) that no reasonable avenues of inquiry were open to the defendants to ascertain the infringing nature of the recording due to the practices and exigencies of the recording business.

The disposition of this motion therefore depends upon the plaintiffs' having adduced sufficient proof to constitute a cause of action that these individual defendants were participants in the "manufacture" of the offending recording within the meaning of the Copyright Act, §§ 1(e) and 101, and Title 28 U.S. C.A. § 1338. The case of G. Ricordi & Co., Inc. v. Columbia Graphophone Co., 270 F. 822 (S.D.N.Y.1920), reviewed the nine distinct, separate and progressive steps involved in the manufacture of a commercial phonograph record in 1920. While the procedures catalogued have changed, the legal significance has not:

> "* * * In other words, the 'manufacture,' as I see it, commenced when the song was sung by the artists and recorded upon the wax master record, and every step taken thereafter, up to and including the one described in paragraph '8,' was taken within the territorial limits of the United States." (p. 824)

And in the case of Reeve Music Co., Inc. v. Crest Records, Inc., 285 F.2d 546, 547–548 (2nd Cir. 1960), Judge Swan observed:

> "The defendants are affiliated corporations to whom we shall refer respectively as Crest and Shelley. They conducted their operations at the same address in Huntington Station, N. Y. Crest produced the 'master stamper' which Shelley used to 'press' a number of records which included the plaintiff's songs. * * *
>
> "* * * Ricordi lists nine steps in the making of a phonograph record. It was found that the defendant took the first eight of these nine steps and the court ruled that such a defendant, who takes steps 'essential' to manufacture, is a manufacturer 'within the intent and meaning of the copyright statute.' This is not a holding, as the defendants seem to believe, that all the first eight steps must be taken to

constitute a defendant a manufacturer. * * *

"Under § 101(e), on the other hand, 'manufacture' is an act of infringement, and 'courts have long recognized that infringement of a copyright is a tort, and all persons concerned therein are jointly and severally liable as such joint tortfeasors.' Ted Browne Music Co. v. Fowler, 2 Cir., 290 F. 751, 754. We think it plain that here, whether or not the separate act performed by each defendant constitutes 'manufacture,' the two defendants, acting in concert, 'manufactured' the infringing discs."

The admitted fact that defendants recorded, mixed, edited and master-taped the musical performance for Apollo Records, coupled with evidence that Mastertone Recording Studios, Inc., by its own invoices, made the recording with express knowledge of the use of the recording by Apollo Records for the "Roaring 20's" album, designated ALP–496 A/B (Ex. 11), is sufficient to require that the defendants' motion for dismissal be denied.

So ordered.