## FARNHAM *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 107. Argued March 2, 1916.—Decided April 3, 1916.

Where the officers of the United States charged with the matter have refused the offer of a patentee for the use of his invention, and have declined to use it, and, proceeding independently, make and use articles designed by themselves, which the patentee claims embody his invention, there is no implied contract on the part of the Government to pay for the use of the invention; in the absence of such contract the Court of Claims could not take cognizance of the claim of an inventor for infringement of his patent prior to the passage of the act of June 25, 1910.

While the petitions in this case must be dismissed because the claims are based on an implied contract which has not been proved, the judgment of dismissal should be without prejudice to claimant's right to present his claim for infringement of his patent under the Act of June 25, 1910, c. 423, 36 Stat. 851.

49 Ct. Cl. 19, affirmed.

The facts, which involve a claim against the United States for infringement of patent rights in connection with postage stamp-holders, are stated in the opinion.

*Mr. George W. Ramsey* and *Mr. Hosea B. Moulton* for appellant.

*Mr. Assistant Attorney General Huston Thompson* for the United States.

MR. JUSTICE HUGHES delivered the opinion of the court.

The claimant, in the year 1906, brought his petition to recover upon the basis of an implied contract for the alleged use by the Government of his patented invention, consisting of a stamp-holder. The claim was for profits alleged to have been made between April 16, 1900, and June 30, 1905. Another petition was filed, in 1911, upon the same basis, to recover profits for the period between June 30, 1905, and June 30, 1910. Motion to consolidate the two suits, as involving the same issues, was granted. Upon hearing, the court made findings of fact and held that the plaintiff was not entitled to recover. 49 Ct. Cls. 19.

The court found that, under date of January 4, 1898, Letters Patent No. 596,656 had been issued to the claimant for improvement in stamp-holders. Models of the proposed stamp book and an explanatory pamphlet were submitted to the Third Assistant Postmaster-General with the suggestion that the Post Office Department should adopt this method of handling and selling stamps. That officer, on June 17, 1898, returned the books to the claimant, saying: "The Department does not deem it expedient to sell stamps in this way." The claimant on July 14, 1898, replied, stating that the descriptive pamphlet and the model stamp books formerly transmitted did not fully show the invention and that he requested a personal interview. Two days later the Government responded as follows: "Your plan for booking and selling stamps is well understood; your explanation of it could not be clearer; but, as stated in a former letter to you, the

Department does not wish to adopt it." In June, 1899, the adoption of the claimant's device was again suggested to the Post Office Department, and the Department replied that it adhered to its former decision. On July 1, 1899, Edwin C. Madden was appointed Third Assistant Postmaster General and he held office until March, 1907. Soon after his appointment he took under consideration the manufacture and sale of postage stamp books. He designed, without actual knowledge of the existence of the claimant's patent or of the correspondence with the Department relating to it, the stamp book now in departmental use. This stamp book was transmitted by Mr. Madden to the Bureau of Printing and Engraving with an inquiry as to the possibility of its manufacture, the details of manufacture being left to that Bureau. It prepared plans accordingly. After the public announcement that the Department would begin the public sale of two-cent stamps in book form, Mr. Madden learned for the first time that it was claimed that there were letters patent covering the proposed stamp book, and before issuing the same to the public he requested the Assistant Attorney General for the Department to examine all such claims, and letters patent, and to advise him whether his book would constitute an infringement. The Assistant Attorney General advised him to proceed with the public sale as contemplated; that the stamp book to be issued was not covered by any previous patents. Both he and Mr. Madden examined the patents of the claimant, and Mr. Madden also examined the correspondence on file. From the beginning the latter insisted that the invention of the stamp book issued by the Department was his own, being independent of the claimant's patent. In March, 1900, the Third Assistant Postmaster General addressed a letter to the claimant's attorney expressly asserting that the Department's stamp book was not an infringement. It was in these circumstances that the Govern-

ment commenced the manufacture of its stamp books
on March 26, 1900.

It is apparent that these facts furnished no basis for a
finding of implied contract on the part of the Government
to pay for the use of the invention,—the only ground upon
which the petitions were cognizable in the Court of Claims.
*Schillinger* v. *United States*, 155 U. S. 163, 170; *United
States* v. *Berdan Arms Co.*, 156 U. S. 552, 556; *Russell* v.
*United States*, 182 U. S. 516, 530; *Crozier* v. *Krupp*, 224
U. S. 290, 303, 304; *United States* v. *Société Anonyme &c.*,
224 U. S. 309, 311. In this view, the consolidated petition
was properly dismissed and it is unnecessary to consider
the questions which have been argued with respect to
actual use and the validity of the claimant's patent. The
second petition related to a period extending to June 30,
1910, thus embracing five days after the approval of the
Act of June 25, 1910, c. 423, 36 Stat. 851, permitting the
recovery from the Government of reasonable compensa-
tion in cases of infringement. *Crozier* v. *Krupp, supra.*
This petition, however, like the first, did not purport
to present a case within this Act, but was rested solely
upon implied contract. The judgment, however, should
be without prejudice to the presentation of any claim the
petitioner may have under the statute; and with this
modification the judgment is affirmed.

*It is so ordered.*


MR. JUSTICE MCREYNOLDS took no part in the consider-
ation and decision of this case.