**TURTON v. UNITED STATES.**
**No. 11979.**

United States Court of Appeals
Sixth Circuit.
April 28, 1954.

Leer Buckley, Lexington, Ky. (J. A. Edge, Lena M. Craig, Lexington, Ky., on the brief), for appellant.

Bernard Wohlfert, Washington, D. C. (Warren E. Burger, Melvin Richter, Washington, D. C., Edwin R. Denney, Lexington, Ky., on the brief), for appellee.

Before McALLISTER and MILLER, Circuit Judges, and GOURLEY, District Judge.

PER CURIAM.

Appellant, who is the author of a treatise for the formation and operation of a world government under the name "United Nations," filed this action in the District Court against the United States of America, alleging that the appellee was publishing various books and pamphlets entitled "United Nations," which were compiled largely from appellant's copyrighted books. The complaint charged copyright infringement and unfair competition, and sought damages in the sum of $10,000, and injunctive relief. The District Judge sustained appellee's motion to dismiss the complaint.

■ It is settled law that the United States, as sovereign, is immune from suit save as it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058. Appellant contends that such consent is given by Sections 1338 and 1346(a) (2), Title 28, U.S.Code. No claim is made under the Federal Tort Claims Act, Section 1346(b), Title 28, U.S.Code, and the effect, if any, of that legislation is not considered on this appeal. Andrews v. Drake, 6 Cir., 83 F.2d 767, 774, certiorari denied 299 U.S. 572, 57 S.Ct. 35, 81 L.Ed. 421; Palmer v. R. F. C., 2 Cir., 164 F.2d 466, 468, certiorari denied New York, N. H. & H. R. Co. v. R. F. C., 334 U.S. 811, 68 S.Ct. 1016, 92 L.Ed. 1742.

■ Section 1338, Title 28, U.S. Code, provides for original and exclusive jurisdiction in the District Courts of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. This is merely a general provision vesting jurisdiction over certain types of actions in the district courts. It does not contain any consent by the United States, express or implied, permitting the institution of suits against it for copyright infringement.

■ Section 1346(a) (2), Title 28, U.S.Code, generally referred to as the Tucker Act, gives consent to the filing of actions against the Government in the district courts, not exceeding $10,-000 in amount, *in cases not sounding in tort*. An action for damages by reason of infringement of a patent is one sounding in tort. Schillinger v. United States, 155 U.S. 163, 169, 15 S.Ct. 85, 39 L.Ed. 108; Farnham v. United States, 240 U.S. 537, 36 S.Ct. 427, 60 L.Ed. 786. We are of the opinion that an action for damages by reason of infringement of a copyright is likewise one sounding in tort. Lanman v. United States, 27 Ct.Cl. 260, 265.

■ This lack of jurisdiction in the Court of Claims over actions against the United States for patent infringement was changed by Section 1498, Title 28, U.S.Code. This legislation, however, was restricted to actions for patent infringement and did not change the law with respect to copyright infringement. The Tucker Act did not confer on the district courts jurisdiction over any suit which could not be maintained in the Court of Claims. United States v. Sherwood, supra.

Since the Court of Claims has no jurisdiction over actions against the United States for copyright infringement, jurisdiction in the District Court under the Tucker Act is also lacking. United States v. Sherwood, supra.

The judgment is affirmed.