LEO FEIST, INC., Crawford Music Corporation, and Williamson Music, Inc.

v.

LEW TENDLER TAVERN, INC. and Muse-Art Corporation, Appellants.

No. 12861.

United States Court of Appeals
Third Circuit.

Argued May 27, 1959.

Decided June 5, 1959.

Ronald N. Rutenberg, Philadelphia, Pa., (Harry A. Rutenberg, Norman H. Fuhrman, Philadelphia, Pa., on the brief), for appellant.

George E. Beechwood, Philadelphia, Pa. (Beechwood & Lovitt, Philadelphia, Pa., Herman Finkelstein, Bernard Korman, New York City, on the brief), for appellees.

Before GOODRICH, KALODNER, and STALEY, Circuit Judges.

PER CURIAM.

In this case the plaintiffs have recovered judgment against the defendants for an infringement of copyright 17 U.S.C. § 1(e) (1952). The matter was thoroughly discussed in an opinion by the district judge to whom the case was tried, E.D.Pa.1958, 162 F.Supp. 129, and we shall affirm.

It was found as a fact that four musical compositions were publicly performed for profit on the premises of Lew Tendler Tavern, Inc., and that no permission for this performance was given by the copyright owners. Tendler was a subscriber to the services of Muse-Art Corporation which transmits music played on records to its patrons by private telephone wire. The customers pay for the service, but may turn the music off or on at will. Tendler's is a restaurant to which members of the public may resort for food and drink.

It is true that Muse-Art did not broadcast its music directly to the public, but it did send it to Tendler for the purpose of having it played to Tendler's customers as and when Tendler wished so to entertain them. Rendition of a musical composition under these circumstances is a public performance for profit by Muse-Art as well as Tendler. The district judge correctly so held.

Point was made that it was not proved that on the night in question the music may not have come from Muse-Art, but may have come through the restaurant's loudspeaker from a radio. But there was no evidence one way or the other that there were musical facilities other than Muse-Art available in Tendler's and there was positive testimony that there were not such pauses in the music program either by or for commercials as are found in radio programs. There was sufficient support for the trial court's conclusion that the compositions heard in Tendler's came from music "piped" in by Muse-Art.

There was raised in the answer an allegation concerning violation of anti-trust law by plaintiffs. No evidence was offered on the point; the district judge did not decide it and neither do we.

The judgment of the district court will be affirmed.