**MASSAPEQUA PUBLISHING CO., Inc.,**
**Plaintiff,**

v.

**OBSERVER, INC., Frank J. Klesh, Caroline Klesh and Ramon D'Onofrio,**
**Defendants.**

**Civ. No. 60-C-154.**

United States District Court
E. D. New York.

Feb. 15, 1961.

Henry J. Wheller, Amityville, for plaintiff.

Robert J. Andrews, Massapequa, for defendants.

BRUCHHAUSEN, Chief Judge.

The plaintiff alleges copyright infringement and unfair competition by the defendant, a competing newspaper. The alleged infringements occurred in the publications of December 9, 1959, December 16, 1959, December 23, 1959, December 30, 1959 and January 6, 1960. The plaintiff, in its complaint, seeks other relief, which will be dealt with later in this opinion.

■ Prior to trial, the plaintiff moved for summary judgment. Summary judgment was granted to the extent

that the accused articles, published by The Observer, Inc., were held to infringe the copyrighted articles, published by the plaintiff. The issues not disposed of by the motion were relegated to trial. It was also held that the plaintiff was obligated to establish to what extent, if any, the individual defendants caused the corporate defendant to publish such articles in order to adjudge them individually liable. Prior to trial the plaintiff discontinued the action against one of the defendants, Ramon D'Onofrio, the News Editor of the corporate defendant. The other individual defendants were Caroline Klesh and her husband, Frank J. Klesh, editor and publisher, respectively. Mr. D'Onofrio testified that both of the said defendants determined the news content of The Observer. He further stated that neither of them had any experience in the newspaper business. Caroline Klesh testified that she collaborated with her husband in proofreading and determining the material for publication. Both of the individual defendants testified that they knew nothing of the alleged copying, that they had no intent of infringing nor any knowledge of the Copyright Law. The direct testimony of the individual defendants leaves no doubt that the defendants caused the corporate defendant to publish the infringing articles. It follows therefore that the individual defendants are jointly and severally liable together with the corporation defendant for any damages sustained by the plaintiff. It is settled law that all who participate in an infringement are jointly and severally liable. Harms, Inc. v. Sansom House Enterprises, Inc., D.C., 162 F.Supp. 129; Ted Browne Music Co. v. Fowler, 2 Cir., 1923, 290 F. 751, 754. It is immaterial whether a party is an innocent infringer. An infringer of a valid copyright copies at his peril and an intent to infringe is not essential in determining liability. Peter Pan Fabrics, Inc. v. Acadia Company, D.C.S.D.N.Y.1959, 173 F.Supp. 292, affirmed 2 Cir., 274 F.2d 487. It is also settled law that knowledge to infringe is not an essential element. Gordon v. Weir, D.C., 111 F.Supp. 117, affirmed 6 Cir., 216 F.2d 508.

Title 17 U.S.C.A. § 101(b) deals with the question of assessing damages against an infringer. The plaintiff claims damages in the sum of $27,000. It alleges that 27,000 infringing copies were sold and the statute entitles the plaintiff to recover the sum of $27,000, i. e., the sum of One Dollar for each infringing copy. The plaintiff's evidence of sales consisted of excerpts from the defendant's publications. The defendant alleges that the lists published in The Observer were for advertising purposes only. The plaintiff's proof falls short of establishing the actual sales of the defendant's publication. Furthermore, the fixation of damage, under the statute, is left to the Court's discretion. American Visuals Corporation v. Holland, 2 Cir., 261 F.2d 652; Kraft v. Cohen, D.C., 32 F.Supp. 821. In F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, at page 234, 73 S.Ct. 222, at page 226, 97 L.Ed. 276, the Court held:

"We think that the statute empowers the trial court in its sound exercise of judicial discretion to determine whether on all the facts a recovery upon proven profits and damages or one estimated within the statutory limits is more just."

Under all of the circumstances, the Court is of the opinion that the award of the statutory damages would adequately and justly compensate the plaintiff and accordingly holds that the plaintiff is entitled to the statutory minimum of $250 plus costs, and $250 for attorney's fees. Also that the defendants should be permanently enjoined from infringing said plaintiff's copyrights and that the defendants should deliver up for destruction all infringing copies, and all plates, molds and other matter for making such infringing copies.

Settle decree on five (5) days' notice.