HAGEMEYER CHEMICAL CO., Inc., William C. Hagemeyer, James C. Noyes and Meredith J. Beirne

v.

INSECT–O–LITE CO., Inc.

No. 14211.

United States Court of Appeals Sixth Circuit.

June 20, 1961.

See also, 151 F.Supp. 829.

William E. Wehrman, Covington, Ky., for James C. Noyes.

William O. Ware, Ware & Ware, Covington, Ky., for William C. Hagemeyer, Meredith J. Beirne and Hagemeyer Chemical Co., Inc.

Roy F. Schaeperklaus, James W. Pearce, Pearce & Schaeperklaus, Cincinnati, Ohio, for William C. Hagemeyer, James C. Noyes, Meredith J. Beirne and Hagemeyer Chemical Co., Inc.

J. Warren Kinney, Jr., Cincinnati, Ohio, for appellee.

Before CECIL and O'SULLIVAN, Circuit Judges, and KALBFLEISCH, District Judge.

PER CURIAM.

Plaintiff-appellee, the Insect-O-Lite Co., Inc. (referred to herein as plaintiff), sued defendants-appellants, William C. Hagemeyer, James C. Noyes, Meredith J. Beirne and Hagemeyer Chemical Co., Inc., a corporation (hereinafter referred to as defendants) to obtain an injunction and damages for alleged infringement.

of plaintiff's registered trade-mark, "Insect-O-Lite" and for unfair competition. The product involved was a vapor lamp containing insecticide crystals.

"The function and purpose of this article is to attract and destroy insects in homes and places of business. It is a relatively small item made of a plastic and composition material to be hung on the wall and attached by cord to an electric * * plug." (District Judge's opinion.) [151 F.Supp. 831.]

On trial without a jury, the district judge found all defendants guilty of unfair competition, but held that plaintiff had failed to establish a case of trademark infringement. He awarded plaintiff $10,000 as compensatory damages, $5,000 exemplary damages, and attorney fees of $4,500. Judgment ran against the individual defendants, Hagemeyer, Noyes and Beirne, as well as the corporate defendant Hagemeyer Chemical Co., Inc.

For some years prior to the events complained of, plaintiff had marketed the insecticide device under the trade name of Insect-O-Lite. At one period during that time, defendants Noyes and Beirne, as partners operating under the name of Midwest Brokerage Company, were sales representatives for plaintiff's Insect-O-Lite. Later such connection was terminated and defendant Beirne went to work for plaintiff as its salesman. Beirne continued as such an employee until some time in 1954. In September, 1954, defendants Hagemeyer, Noyes and Beirne organized the defendant corporation, Hagemeyer Chemical Co., Inc., for the purpose of manufacturing and marketing a product, found by the district judge to be "a competitive vaporizer substantially identical in all physical and functional aspects with plaintiff's Insect-O-Lite vaporizer." The individual defendants were shareholders and officers of defendant Hagemeyer Chemical Co., Inc., which marketed its product under the trade name of Insect Light. After Hagemeyer Chemical Co., Inc., had pur-

sued its competition with plaintiff for a few months, the complaint in this case was filed in the District Court for the Eastern District of Kentucky on April 15, 1955. A preliminary injunction to enjoin further prosecution of such business by defendants was denied by the district judge, which denial was affirmed in this court on November 10, 1955. (Insect-O-Lite Company, Inc. v. Hagemeyer et al., 6 Cir., 226 F.2d 580).

On May 17, 1957, the district judge, after taking of testimony on the question of liability, filed an Opinion and Findings of Fact and Conclusions of Law. In such decision, he exonerated the defendants of the charged infringement of plaintiff's trade-mark Insect-O-Lite, but found all defendants guilty of unfair competition and ordered that plaintiff should receive its damages therefor. In an order of May 20, 1957, the district judge recited that by agreement of the parties, "the matter of damages was deferred until the rights of the parties on the matter of trade-mark infringement and unfair competition was determined as to both fact and law" and concluded such order by saying, "This case is set down for consideration of and entry of further orders at Covington, Kentucky, on May 27, 1957." Thereafter, both parties employed various procedural steps, followed by the taking of evidence on damages. On February 23, 1960, the district judge filed a final Memorandum, with Findings of Fact and Conclusions of Law, upon which Judgment was entered. We recite the foregoing to dispose of appellee's contention here that the district judge's Opinion, Findings of Fact and Conclusions of Law, entered May 17, 1957, amounted to a final appealable order on all questions of liability, and that on the instant appeal, appellants are limited to an attack upon the amount of damages and costs awarded. We are satisfied that the foregoing review of the procedural stages of this litigation demonstrates that the judgment of February 23, 1960, was the only appealable order entered in this case subsequent to the district

judge's denial of a preliminary injunction to plaintiff. All questions raised by appellants on this appeal are properly before us.

■ Appellants' statement of questions involved presents their claim of six grounds for reversal. The first five of these deal with the amount of damages awarded, a challenge to the court's jurisdiction, the weight of evidence, denial of their motion to introduce newly discovered evidence, and the denial of their motion to file certain additional counterclaims. After a review of the record on appeal, we find no merit in any of these contentions and a discussion of them would serve no purpose here. Except on the subject hereinafter discussed, the district judge's Findings of Fact are not clearly erroneous. We find no abuse in discretionary matters. The amount of the awards of damages and attorney fees were within limits permitted by the evidence and, except as hereinafter stated, we do not disagree with the district judge's decisions of law. We come, then, to our point of disagreement with the district court.

■ For the sixth claim of error, defendants Noyes and Hagemeyer charge that personal judgments should not have been entered against either of them. We agree. There is no question but that these defendants joined defendant Beirne in a plan to organize a corporation to manufacture and market, in competition with plaintiff, a product which in appearance, function and trade name was substantially a copy of plaintiff's product. However, as to any illegality in such conduct, the district judge said, in part [151 F.Supp. 832]:

"I am of the opinion that plaintiff's trade-mark was not infringed. The adoption by one manufacturer of the features of another's product, common to articles of that class, does not of itself amount to unfair competition. Rathbone, Sard & Co. v. Champion Steel Range Co., 6 Cir., 189 F. 26, 37 L.R.A.,N.S., 258; West Point Manufacturing Co. v.

Detroit Stamping Co., supra, [6 Cir., 222 F.2d 581, certiorari denied 350 U.S. 840, 76 S.Ct. 80, 100 L.Ed. 749].

\* \* \* \* \* \*

"The size, shape, color, and descriptive words Insect Light on the defendants' vapor lamp were all functional and with the exception of the color, which might have been different, about the only design that could have been followed to accomplish the purposes intended. There was nothing novel or distinctive, aside from the functional uses, to which either the plaintiff's or the defendants' lamp could lay claim. Numerous other vapor lamps had been in existence. While the term Insect-O-Lite has been subjected to trade-mark, there is nothing so unusual or singular in the phrase that a court of equity should permit it to pre-empt the field to which it seeks to adapt itself. It had been in use for only a few months and could not be said to have become identified in the mind of the purchasing public to such an extent that the name had acquired a secondary meaning.

\* \* \* \* \* \*

"*I must hold that the defendants had a right to produce and sell the item identified as Insect Light as represented by plaintiff's Exhibit 12.*" (Defendants' product.)

Although he determined that there was no illegality in the defendants' plan to compete with plaintiff in such manner, the district judge did find unfairness in the methods thereafter employed to further such competition. The evidence supportive of such finding consisted of proof that defendant Beirne who, alone of the individual defendants, was the sales representative of Hagemeyer Chemical Co., visited customers of plaintiff and by direct statement, innuendo and conduct, created in the minds of such customers the belief that plaintiff had gone, or was about to go, out of business; that Beirne's company was taking over the business of plaintiff and that Beirne's

product, Insect Light, was the successor to Insect-O-Lite. There was sufficient evidence from which to find unfair competition on the part of defendant Beirne, justifying a judgment against his corporate principal and himself, individually, for such tortious conduct. We, however, have been unable to find any evidence in the record whereby to charge the defendants Noyes or Hagemeyer with personal liability for Beirne's misconduct. The district judge emphasized that Beirne's conduct led to his finding of unfair competition. His Opinion of May 17, 1957, says in part,

"The decision of this case rests primarily upon the acts and conduct of one individual, the defendant Meredith J. Beirne."

Wherein the Opinion and Findings of Fact make reference to specific acts, they refer to acts of Beirne, alone. To the extent that the time of these acts was fixed, they occurred sometime after the first of January of 1955, and prior to the commencement of suit on April 15, 1955. It was undisputed on the record that defendant Noyes had, prior to the occurrence of any of Beirne's acts, described above, severed all connection with defendant Hagemeyer Chemical Co., Inc. During the period of Beirne's said activities, defendant William G. Hagemeyer was an officer and shareholder of the corporate defendant. He testified that his only activity with the company, aside from investing money in it, was the placing of shipping labels on cartons of the Insect Lights (defendants' product) and shipping them out from the place where Hagemeyer carried on his own separate lumber business. Some of the Insect Lights of defendants were warehoused there. There was no evidence of any connection of Hagemeyer with the sale activities of Beirne. We find no evidence in the record from which a finding could be made that either Noyes or Hagemeyer participated in, knew of, planned or approved the activities of Beirne which the district judge found to constitute unfair competition. Plaintiff's President expressed a conclusional opinion that the individual defendants conspired to carry on such activities of Beirne, but his opinion was wholly without factual support.

■■ To the extent that the district judge's Findings of Fact found that defendants Noyes and Hagemeyer participated in, had knowledge of, or were responsible for, the tortious conduct of defendant Beirne, we conclude that such findings were erroneous (Rule 52[a], Federal Rules of Civil Procedure, 28 U.S.C.A.). Officers, directors or shareholders of a corporation are not personally liable for wrongful or tortious conduct of the corporation or its other agents, unless there can be found some active or passive participation in such wrongful conduct by such persons. Phelps Dodge Refining Corp. v. Federal Trade Commission, 2 Cir., 1943, 139 F.2d 393, 397; Leonard v. St. Joseph Lead Co., 8 Cir., 1935, 75 F.2d 390, 395; Lobato v. Pay Less Drug Stores, Inc., 10 Cir., 1958, 261 F.2d 406, 409; 3 Fletcher Cyc., Corporations, § 1137; 13 Am.Jur. "Corporations" §§ 1086, 1087; Washington Gaslight Company v. Lansden, 172 U.S. 534, 549, 19 S.Ct. 296, 43 L.Ed. 543, 549 (1899). A like rule has been applied in patent infringement cases, D'Arcy Spring Co. et al. v. Marshall Ventilated Mattress Co., 6 Cir., 1919, 259 F. 236, 242; Western Electric Co. v. North Electric Co., 6 Cir., 1905, 135 F. 79, 89; Proudfit Loose Leaf Co. v. Kalamazoo Loose Leaf Binder Co., 6 Cir., 1916, 230 F. 120, 140; National Cash Register Co. v. Leland, 1 Cir., 1899, 94 F. 502, 508.

We conclude that no cause of action against the defendants Noyes and Hagemeyer as individuals was made out. The judgment of the district court to the extent it awards compensatory and exemplary damages and attorney fees against the defendants William C. Hagemeyer and James C. Noyes, is reversed. Such judgment is otherwise affirmed.