**H. M. KOLBE CO., Inc., Plaintiff,**

v.

**Gustave SHAFF and Armand Indellicati,
Defendants.**

United States District Court
S. D. New York.
March 22, 1965.

Cowan, Liebowitz & Latman, New York
City, for plaintiff, Alan Latman, Lewis R.
Cowan, Sanford I. Ruden, New York City,
of counsel.

Edward Nathan, New York City, for
defendant Gustave Shaff.

LEVET, District Judge.

The plaintiff, H. M. Kolbe Co., Inc.
(hereinafter "Kolbe") moves for summary judgment against the defendant
Gustave Shaff (hereinafter "Shaff") and
to sever its claim against co-defendant
Armand Indellicati (hereinafter "Indellicati"). Affidavits have been submitted by
Alan Latman and Sanford I. Ruden, attorneys, for plaintiff, William L. Kolbe,
President of plaintiff, Shaff and Edward
Nathan, attorney for defendant.

The background of this case is as follows:

(1) In 1960, prior to the institution of
the present suit, plaintiff brought an
action in the United States District Court
for the Southern District of New York
against Happy Cottons, Inc. (hereinafter
"Cottons") and Armgus Textile Co., Inc.
(hereinafter "Armgus"), 60 Civ. 1432.
Defendants Shaff and Indellicati were
officers and directors of Cottons and
stockholders in Armgus, the corporate
parent of Cottons. After trial, Judge
Murphy of this court held that Cottons
had infringed plaintiff's copyright on a
design by the manufacture and sale of
certain textile fabrics and the matter was
referred to a special master for the purpose of computing damages. The action
was dismissed as against Armgus. A

final judgment was rendered on November 19, 1963 against Cottons, awarding damages, profits and reasonable attorney's fees to the plaintiff. This decree was affirmed by the Court of Appeals of this Circuit.

(2) Since the date of the judgment in the former action, plaintiff has attempted in vain to obtain its satisfaction. The corporate defendant Cottons has discontinued its business and no assets belonging to it have been located.

(3) In September 1962, the plaintiff instituted the present action against the above-named individual defendants (to wit, Shaff and Indellicati) on the ground that their personal participation in the acts of infringement rendered them personally responsible.

The evidential basis of the claim of personal liability against Shaff is as follows:

(1) At the time of the institution of the prior action when plaintiff moved for a preliminary injunction, Shaff said in an affidavit dated April 25, 1960 that he was an "officer of the defendants" and that for "upwards of 15 years I have been and continue to be in daily attendance upon the affairs of both these defendants [i. e., Cottons and Armgus]."

(2) In a deposition in the prior action taken by plaintiff on February 15, 1961, Shaff made the following admissions (the page references are to the deposition):

(i) "I am the treasurer of each company [apparently referring to both Cottons and Armgus]." (p. 2) He described himself as a partner and when asked to describe his duties said: "I get into business at 9 o'clock in the morning, go home 7 at night, and I sell a little merchandise and convert a little." He also said he was charged with the general operation of the business and familiar with the details of the operation of the companies. (p. 3)

(ii) Shaff said that a customer showed him a dress and asked if he would print the pattern (the infringing design) for him. (p. 7) Shaff agreed and printed the design. (pp. 4, 7)

(iii) He also admitted that he made every effort to dispose of the stock (apparently referring to fabric containing the infringing design) which he had on hand between the time he first learned of the law suit and the time he was served with a temporary restraining order; that he did not want to be "laying there with any goods." (pp. 21–22)

(3) At the trial of the prior action before Judge Murphy on June 12, 1962, Shaff stated he was the Treasurer of Cottons (p. 104 of transcript) and, apparently referring to the customer who sought the printing of the disputed fabric, stated: "He asked me if I could produce that particular pattern and I told him I could." (p. 107 of transcript)

(4) In the examination before trial in the present action on January 17, 1964, Shaff said (here the pages refer to the deposition) that he was Secretary, Treasurer and Director of Cottons; that Cottons was a wholly-owned subsidiary of Armgus and that he was a 50% stockholder of Armgus. (pp. 3–4) The designs to be included in the corporation's line for a particular season were chosen, according to Shaff, at a meeting at which he and the salesmen reviewed various patterns. (pp. 8–9) He said he gave the order to have the pattern printed to his converter, who mailed the order to the printer. (p. 13) He also sold the item himself and called on customers together with his salesmen. (pp. 14–15)

## LAW

Copyright infringement is a tort. Turton v. United States, 212 F.2d 354 (6th Cir. 1954). All those who participate in an infringement are jointly and severally liable. Ted Browne Music Co. v. Fowler, 290 F. 751 (2d Cir. 1923); Reeve Music Co., Inc. v. Crest Records, Inc., 190 F.Supp. 272 (E.D.N.Y.1959), modified on other grounds 285 F.2d 546 (2d Cir. 1960).

Officers or directors of a corporation found guilty of infringement are individually liable if they personally participated in the acts constituting infringement. Hagemeyer v. Insect-O-Lite

Co., Inc., 291 F.2d 696, 699 (6th Cir. 1961); General Electric Co. v. Wabash Appliance Corp., 93 F.2d 671, 674 (2d Cir. 1938); FTC v. Standard Education Soc., 86 F.2d 692, 695 (2d Cir. 1936), mod. on other grounds, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141 (1937); Harry Alter & Co., Inc. v. A. E. Borden Co., Inc., 121 F.Supp. 941 (D.Mass.1954). It is not necessary to pierce the corporate veil. Internat'l Mfg. Co., Inc. v. Landon, Inc., 336 F.2d 723, 728–729 (9th Cir. 1964).

The rule that a corporate official is liable personally only where he exceeds his corporate authority was noted in Claude Neon Lights, Inc. v. American Neon Light Corp., 39 F.2d 548, 551 (2d Cir. 1930). The court, however, limited its application: "A director and officer of a corporation who, by a vote or otherwise, specifically commands subordinate agents of a corporation to engage in the manufacture and sale of an infringing article, is liable individually in an action for damages brought for such infringement." An express disavowal of the rule limiting the personal liability of corporate officials to acts outside their authority came in FTC v. Standard Education Soc., supra 86 F.2d at 695, a decision by Judge Learned Hand.

Another archaic rule limits the personal liability of corporate officers to injunction where they act only within the normal scope of their authority. D'Arcy Spring Co. v. Marshall Ventilated Mattress Co., 259 F. 236 (6th Cir. 1919); Mergenthaler Linotype Co. v. Ridder, 65 F. 853 (S.D.N.Y.1895). This rule appears to have been abandoned, at least where there is personal involvement in the acts of infringement. Hagemeyer v. Insect-O-Lite Co., Inc., supra; Massapequa Publishing Co. v. Observer, Inc., 191 F.Supp. 261 (E.D.N.Y.1961); Conde Nast Publications, Inc. v. Vogue School of Fashion Modelling, Inc., 105 F.Supp. 325 (S.D.N.Y.1952).

■ The papers submitted to the court clearly indicate that the defendant Shaff was personally involved in arranging and directing the production of the infringing design. I find that there is no genuine issue as to this fact. Therefore, Shaff was a joint tort-feasor with Cottons.

■ The fact that one joint tort-feasor has been sued and a judgment rendered does not bar the suit against the remaining joint tort-feasors where the judgment is unsatisfied. E. g., United States v. Silliman, 167 F.2d 607 (3d Cir. 1948); Viehweg v. Mountain States Tel. & Tel. Co., 141 F.Supp. 848 (E.D.Idaho 1956); see CPLR § 3002(a). Here, plaintiff has not recovered any money on its judgment against the insolvent corporation and judgment debtor Cottons.

■ Other defenses raised by Shaff in his answer, including absence of personal gain resulting from the infringement and laches, are without substance. The former has no basis in law and the latter no supporting facts.

Consequently, there is no genuine issue as to any material fact and the plaintiff is entitled to a judgment as a matter of law against the defendant Shaff.

Motion for summary judgment against Shaff is granted. A trial by jury should take place to assess damages.

The motion to sever the case as against the co-defendant Indellicati is likewise granted.

There is no reason why a judgment against Shaff should not be separately entered.

Settle order on notice.