**Roy MORSER, Plaintiff,**

v.

**BENGOR PRODUCTS CO., Inc., and Benjamin Gordon and Louis Gordon, Defendants.**

**No. 65 Civ. 3253.**

United States District Court
S. D. New York.

May 1, 1968.

Robert W. Fiddler, New York City, for plaintiff.

Martin J. Forgang, New York City, for defendants.

## OPINION

MacMAHON, District Judge.

Plaintiff holds two copyright certificates on a particular novelty coin which he designed. He brought suit against the defendants in this action for infringement of his copyrights and for unfair competition. Plaintiff moved for summary judgment on June 7, 1967. My brother Judge Bryan granted the motion in part and denied it in part, holding that plaintiff's copyrights were valid, that the corporate defendant, Bengor Products Co., Inc., had infringed them, that it was liable to plaintiff, and that plaintiff was entitled to a permanent injunction against further infringement, but that the issue of damages, the question of personal liability of defendants Benjamin Gordon and Louis Gordon, and the claim of unfair competition should be tried.

The case came on for trial before us on April 8, 1968. Plaintiff, at that time, withdrew his claim of unfair competition,

and the parties agreed that the only issues before the court were the amount of damages to be awarded plaintiff for infringement and the question of personal liability of the individual defendants.

On the question of personal liability, plaintiff introduced no evidence of Benjamin Gordon's participation in the infringing activities. We, therefore, hold that the defendant Benjamin Gordon is not liable to the plaintiff.

Evidence was introduced as to the role of Louis Gordon in the infringing activities. In answers to interrogatories propounded by plaintiff, Louis Gordon admitted that he determined the merchandise bought and sold by the defendant corporation. He testified that he purchased the infringing coins from a salesman whom he had dealt with before and trusted. He further testified that he supervised the work of those employees of the corporation whose job it was to fill orders. He claimed that he had no knowledge that the coins infringed plaintiff's copyrights when he purchased them and that he instructed his employees not to fill any orders for the coins after he received a letter from plaintiff's attorney on June 10, 1965 informing him of plaintiff's copyrights. He admits that an order was nevertheless filled in November 1965 but contends that this was done by an employee who failed to follow his instructions.

 The evidence leaves no doubt that Louis Gordon caused the corporate defendant to infringe plaintiff's copyrights by purchasing and supervising the sale of the infringing coins prior to June 10, 1965. The law is clear that an individual who participates with or causes a corporate defendant to infringe is jointly and severally liable as a joint tort feasor. H. M. Kolbe Co. v. Shaff, 240 F.Supp. 588 (S.D.N.Y.), aff'd 352 F.2d 285 (2 Cir. 1965); Massapequa Publishing Co. v. Observer, Inc., 191 F.Supp. 261 (E.D. N.Y. 1961); Harms, Inc. v. Sansom House Enterprises, Inc., 162 F.Supp. 129 (E.D.Pa.1958), aff'd, sub nom. Leo Feist, Inc. v. Lew Tendler Tavern, Inc., 267 F.

2d 494 (3 Cir. 1959). It is immaterial whether a party is an innocent infringer. An infringer of a copyright copies at his peril, and an intent to infringe or knowledge of infringement is not necessary in determining liability. H. M. Kolbe Co. v. Shaff, supra; Massapequa Publishing Co. v. Observer, Inc., supra; Peter Pan Fabrics, Inc. v. Acadia Company, 173 F. Supp. 292 (S.D.N.Y. 1959), aff'd, 274 F.2d 487 (2 Cir. 1960).

 The fact that the sale by Bengor in November 1965 was made in contravention of Louis Gordon's orders, then, goes not to the question of his liability but to the question of wilfulness and punitive damages. Plaintiff contends that the November sale indicates a blatant disregard of plaintiff's copyrights and calls for the award of punitive damages. We find that the November sale was an innocent mistake on the part of a Bengor employee. Therefore, we find that Louis Gordon is personally liable to plaintiff, but that an award of punitive damages is not warranted.

 Turning to the question of damages, the only concrete evidence offered showed that Bengor purchased 4,600 of the infringing coins, gave away approximately 3,000, sold 644 at $5.00 per hundred for a total of $32.50, and destroyed the remainder upon commencement of this action. Plaintiff introduced no evidence of his own losses contending that such a showing would be impracticable. Instead, he argues that he is entitled to statutory damages in lieu of actual damages pursuant to 17 U.S.C. § 101(b), which provides:

"If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:

\* \* \* \* \* \*

(b) Damages and profits; amount; other remedies.—To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringe-

ment, * * * or in lieu of actual damages and profits, such damages as to the court shall appear to be just, and in assessing such damages the court may, in its discretion, allow the amounts as hereinafter stated, * * * and such damages shall in no other case exceed the sum of $5,000 nor be less than $250, and shall not be regarded as a penalty."

This section has been interpreted to give the court broad discretion in granting statutory damages in lieu of actual damages. F. W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 73 S.Ct. 222, 97 L.Ed. 276 (1952). Here, plaintiff was unable to show his actual damages, and defendant failed to prove its costs in purchasing and selling the coins. In view of this failure of proof on either plaintiff's damages or defendant's profits, the award of statutory damages is called for. See F. W. Woolworth Co. v. Contemporary Arts, Inc., supra; Massapequa Publishing Co. v. Observer, Inc., supra; Nimmer, Copyrights § 154.12–154.13 (1964).

■ Plaintiff asks for $5,000 in damages, the maximum permitted under 17 U.S.C. § 101(b). In view of the inexpensive product involved, this seems wholly unreasonable. We think that the minimum statutory allowance of $250 justly compensates the plaintiff and discourages further infringement by the defendants.

■ Finally, plaintiff seeks counsel fees pursuant to 17 U.S.C. § 116. Under that provision, counsel fees may be awarded in the discretion of the court where warranted by the circumstances of the case. In practice, counsel fees are awarded only where it appears that the defendant has resisted a valid claim with a defense that is so lacking in merit as to present no arguable question of law or fact, or where it appears that the defense was designed to annoy or harass the plaintiff. Norbay Music, Inc. v. King Records, Inc., 249 F.Supp. 285 (S.D.N.Y. 1966); Cloth v. Hyman, 146 F.Supp. 185, 193 (S.D.N.Y. 1956).

■

In the instant case, plaintiff was seeking a large sum in damages, and although the issue of infringement was fairly clear, the question of damages was not. We do not think that the defendants' decision to resist this claim can be deemed a mere ploy to annoy or harass the plaintiff. Considering the sizeable damages sought by plaintiff in a case involving an inexpensive product, defendants' decision to resist the claim, particularly on the issue of damages, was not without merit. Therefore, counsel fees will be denied.

Accordingly, plaintiff is entitled to judgment against the defendants Bengor Products Co., Inc. and Louis Gordon in the amount of $250 plus costs. The complaint against the defendant Benjamin Gordon is dismissed. Judgment will be entered to this effect.

The foregoing memorandum constitutes the court's findings of facts and conclusions of law, as required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.

Submit judgment on notice within ten (10) days.