**UNITED STATES of America,
Plaintiff,**

v.

**Henry Newton BROWN, Jr., et al.,
Defendants.**

**Civ. A. No. J74–141(N).**

United States District Court,
S. D. Mississippi,
Jackson Division.

Sept. 17, 1975.

Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., for plaintiff.

W. E. Gore, Jr., Jackson, Miss., for defendants.

## MEMORANDUM OPINION

NIXON, District Judge.

This action was brought by the United States of America against Henry Newton Brown, Jr., alleging that the defendant used certain property to infringe the copyrights of other persons in sound recordings protected under the copyright laws of the United States. The plaintiff, although possessing no proprietary interest in the copyrights infringed, seeks to have the defendant "deliver upon oath for destruction all the infringing copies or devices, as well as all plates, molds, matrixes, or other means for making such infringing copies as the court may order", pursuant to the provisions of 17 U.S.C. § 101(d). More specifically, the property which the government seeks to have destroyed in this case consists of tape duplicating equipment, master tapes of sound recordings protected under the copyright laws of the United States, infringing copies of sound recordings and miscellaneous supplies and materials used in making and packaging magnetic tape recordings.

For purposes of this action only, the United States and the defendant Brown have entered into a stipulation whereby the following matters are admitted by both parties to be established:

"1. That one Becht Electronics Tape Recorder, Model 1000, Serial No. 1170802, together with other property described in Exhibit 'A' to the complaint filed in this action, was seized on land in Madison County, Mississippi, on March 6, 1974, by special agents of the Federal Bureau of Investigation, and is now held by the United States Marshal for this district pending the determination of this action.

2. That all of said property is owned by the defendant Henry Newton Brown, Jr., doing business as Transcontinental Investments, Inc.

3. That commencing on or about December 18, 1973, and continuing through on or about February 3, 1974, the de-

fendant Henry Newton Brown was, for profit, engaged in the business of reproducing, and distribution to the public for sale, reproductions of sound recordings copyrighted under the laws of the United States, which were first filed and published with requisite notice of copyright after February 15, 1972, and duly registered in the United States Copyright Office, without the authorization of the respective copyright owners.

4. That the owners of said copyrighted sound recordings are numerous persons, firms and corporations other than the United States.

5. That the aforesaid conduct of the defendant Henry Newton Brown, Jr. constituted infringements of copyrights in works protected under the laws of the United States.

6. That the aforementioned property seized by agents of the plaintiff government consists of infringing copies of said copyrighted sound recordings and equipment, devices and supplies used in the business of Henry Newton Brown, Jr. in making such infringing copies." (Stipulation filed February 24, 1975)

The Pretrial Order filed in this action on February 26, 1975 recites that the only contested issue of fact in this case is whether the infringements involved herein were willful or innocent, and that the only contested issues of law are whether the United States is a proper party plaintiff in this action, the plaintiff having no proprietary interest in the copyright infringed, and whether the willfulness or innocence of the defendant in making the infringing copies is material. After this case was set for trial, the attorneys for both parties advised the Court that no evidence would be offered at the trial of this action and agreed to submit this case for determination based on the Complaint, Answer, Pretrial Order, and above Stipulation.

This Court finds that it has subject matter jurisdiction hereof under the provisions of 28 U.S.C. § 1338(a), because this is a civil action arising under the copyright laws of the United States. Secondly, it is clear that all of the items involved in this action fall within the categories of property which can be delivered up for destruction under the provisions of 17 U.S.C. § 101(d), and those described in Exhibit "A" to the Complaint are subject to destruction. See *Duchess Music Corporation v. Stern*, 458 F.2d 1305 (9th Cir. 1972), *cert. den.* sub nom.; *Rosner v. Duchess Music Corporation*, 409 U.S. 847, 93 S.Ct. 52, 34 L.Ed.2d 88 (1972); see also 22 A.L. R.Fed. 487.

Although the defendant has presented no evidence directed to the issue of his willfulness or innocence in making infringing copies, the case law is clear that willfulness or lack of intent is not material in determining liability for an infringement under Section 101. *Morser v. Bengor Products Co.*, 283 F. Supp. 926 (S.D.N.Y.1968); *Massapequa Pub. Co. v. Observer, Inc.*, 191 F.Supp. 261 (E.D.N.Y.1961); *Metro Associated Services v. Webster City Graphic*, 117 F.Supp. 224 (N.D.Iowa 1953).

The standing of the United States to bring this action presents the most difficult issue for determination by the Court. It is the position of the plaintiff that it is entitled to all of the relief provided by 17 U.S.C. § 101 except for damages, profits and royalties, which, pursuant to this statute, can only be recovered by a person having a proprietary interest in the infringed copyright. It is indeed significant that Sections 101(b) and 101(e), which provide for damages, profits and royalties, make these actions available only to persons having this proprietary right, whereas the other provisions of the statute relating to injunctions and destruction of infringing property do not contain such a provision. Furthermore, Section 116, Title 17, provides that "in all actions, suits, or proceedings under this title, except *when brought by or against the United States or any officer thereof, full cost shall be allowed* . . .", thus indicating that the United States may be a party plain-

tiff in civil actions under this chapter. (Emphasis Supplied)

On the other hand, 17 U.S.C. § 108 provides that foreign articles which infringe on a copyright can be seized and forfeited by the United States in like proceedings as those provided by law for the seizure and condemnation of property imported into the United States in violation of the custom revenue laws, and upon forfeiture, it shall be destroyed or in certain cases sent back to the country of export. The defendant argues that had Congress intended to grant the United States the right to subject articles and equipment used in a copyrighting infringement in a domestic case to forfeiture, it would have been a simple matter to have enacted such a provision for domestic articles.

Neither party has submitted, nor has independent research by the Court revealed any case in which the United States' standing to bring an action of this type has been determined. The few federal cases where the infringing articles have been "delivered up" for destruction involved civil suits between the owner of the copyright and the offending infringer. Chapter 2 of Title 17, U.S.C., entitled "Infringement Proceedings" neither grants nor denies the United States the right to bring an action under Section 101(a) for injunctive relief or under Section 101(d) for destruction of the infringing paraphernalia. The plaintiff points out that the United States Supreme Court has on several occasions determined that the government was entitled to injunctive relief and damages for violations of the Rivers and Harbors Act of 1899, as amended, 33 U.S.C. § 401 et seq., even though not expressly provided for in the Act, which, in addition, provides criminal sanctions for violations. See *United States v. Republic Steel Corp.*, 362 U.S. 482, 80 S.Ct. 884, 4 L.Ed.2d 903 (1960) and *Wyandotte Co. v. United States*, 389 U.S. 191, 88 S.Ct. 379, 19 L.Ed.2d 407 (1967).

The United States contends it is entitled to the requested relief in order to permit it to fulfill its obligations under international law, to enforce its domestic law, and protect its revenues, and to protect, in its capacity as *parens patriae*, its citizens whose economic interests are jeopardized by copyright infringement. Based upon the above statutory language and an examination of the case law submitted by the plaintiff in support of these contentions, this Court is of the opinion that the United States may bring this action under Section 101(d) for the destruction of infringing paraphernalia, and, under the facts of this case, is entitled to the relief sought herein.

■ Examining the latter contention first, this Court finds that the government is entitled to seek relief under the provisions of Sections 101(a) and 101(d) in its capacity as *parens patriae* in order to protect the rights of all persons whose economic interest may be adversely affected by copyright infringers. In *Georgia v. Pennsylvania Railroad Co.*, 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051 (1945), and *Hawaii v. Standard Oil Co.*, 405 U.S. 251, 92 S.Ct. 885, 31 L.Ed.2d 184 (1972), the United States Supreme Court recognized that a State in its capacity as *parens patriae* could maintain an action for an injunction under Section 16 of the Clayton Act, 15 U.S.C. § 26, but could not recover damages in that capacity under Section 4 of the Act, 15 U.S.C. § 15.

■ Secondly, this Court concurs with the plaintiff's contention that the government's right to a judgment in this case is the interest which the United States has in enforcing its copyright laws. In the case of *United States v. Ray*, 423 F.2d 16 (5th Cir. 1970), an injunction was sought by the United States to prohibit the development of coral reefs within an area designated as the Continental Shelf by both the Outer Continental Lands Acts and the Geneva Convention on the Continental Shelf. In

**660**

holding that the United States was entitled to an injunction, the Court noted that neither ownership nor possession of the property involved was a necessary prerequisite for the granting of injunctive relief, but that the United States had an interest to protect or defend. The decision was not based on the Outer Continental Shelf Lands Act, but on the sovereign rights granted the government under Article 2 of the Geneva Convention respecting exploration for an exploitation of natural resources.

Furthermore, the Court finds meritorious the government's contention that the United States is signatory to numerous treaties and other international agreements requiring it to protect copyrights, the most significant of these treaties being the Universal Copyright Convention, 6 U.S.T. § 2733, which became effective as to the United States on December 6, 1954. Article I of the Convention recognizes the obligation of the Contracting States to provide adequate and effective protection of copyrights. Under the provisions of Article X, the United States obligates itself to adopt measures necessary to insure application of the Convention and acknowledges that it is in a position under its domestic law to give effect to the terms of the Convention. Inasmuch as the United States, under the rationale of *Ray*, supra, is entitled to injunctive relief to enforce rights granted to it under the terms of a treaty, it should be entitled to an injunction or other relief reasonably necessary to fulfill its international obligations.

Accordingly, based on the above findings and conclusions, it is the opinion of this Court that the defendant Henry Newton Brown, Jr., should be required to deliver up on oath for destruction all copies of tape recordings infringing the copyrights and the work protected under the copyright laws of the United States, together with all means for making such infringing copies which are owned by him, or in his possession or subject to his control. The Court further finds that the property described in Exhibit "A" to the Complaint, consisting of infringing copies protected under the copyright laws of the United States, should be destroyed in accordance with the provisions of the law. The parties shall bear their own costs in this action.

A judgment, approved as to form by both parties, shall be submitted by the plaintiff, United States of America, within the time prescribed by the Rules of this Court.