**EDWIN H. MORRIS & COMPANY, Inc., and Leo Feist, Inc., Plaintiffs,**

**v.**

**Virginia L. MUNN, Defendant.**

**Civ. A. No. AC–1146.**

United States District Court
E. D. South Carolina,
Columbia Division.

Sept. 4, 1964.

John Sloan, Columbia, S. C., for plaintiffs.

Edward D. Buckley, Charleston, S. C., for defendant.

SIMONS, District Judge.

This is an action commenced pursuant to Title 17 U.S.C.A. § 101 et sequi, alleging infringement by the defendant of plaintiffs' copyrighted musical compositions. Plaintiffs' Complaint asks for a permanent injunction against the defendant on publicly performing said copyrighted compositions, for statutory minimum damages, and for full costs of the action, including reasonable attorneys' fees. The defendant's Answer generally denied the moving allegations of plaintiffs' Complaint.

This matter was heard before me upon plaintiffs' Motion for a summary judgment based upon Affidavit of plaintiffs' attorney, the pleadings and upon Answers to interrogatories propounded by plaintiffs, and requests for admissions by plaintiffs which were not answered by the defendant. After oral argument before the Court, defendant's original attorney, John Sloan, withdrew from the case and Norbert A. Theodore was substituted in his stead by Order of the Court. The following documents are annexed to plaintiffs' Motion for Summary Judgment as exhibits and identified as follows:

Affidavit of Edward D. Buckley, sworn to May 26, 1964, Exhibit "A".

Marked pleadings, Exhibit "B". Requests for admissions, failure of defendant to answer requests for admissions, and the affidavit of Edward D. Buckley establish that defendant gave unauthorized public performance for profit of the copyrighted musical compositions entitled "Sentimental Journey" and "The Waltz You Saved For Me", which said copyrights are owned by plaintiffs, Edward H. Morris & Company, Inc. and Leo Feist, Inc., respectively. The Court finds, therefore, that plaintiffs are entitled to a summary judgment, pursuant to Rule 56 of Federal Rules of Civil Procedure, 28 U.S.C.A.

Further, as a matter of law, plaintiffs are entitled to injunction and statutory minimum damages of Two Hundred Fifty [$250.00] Dollars each, and full costs. Title 17 U.S.C.A. § 101 [1].

In the discretion of the Court, plaintiffs are also entitled to attorneys' fees as part of the costs. Title 17 U.S.C.A. § 116 [2].

---

1. "If any person shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable:
"[a] Injunction.—To an injunction restraining such infringements;
"[b] Damages and profits; amounts; other remedies.

"To pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement * * * and such damages shall in no other case exceed the sum of $5,000 nor be less than the sum of $250."

The two plaintiffs and their respective separate claims are properly joined in this cause of action in that the separate claims for copyright infringement arose out of the same series of occurrences, and the questions of fact and law establishing copyright infringements are common to both claims. Therefore, it is

Ordered that plaintiffs' Motion for Summary Judgment be and the same is hereby granted; it is further

Ordered that defendant and all persons acting under her direction, control, permission or license be permanently enjoined and restrained from performing publicly each of the aforesaid compositions, and from causing or permitting the said compositions to be performed publicly at defendant's establishment known as the EL ROCO CLUB, or in any place owned, controlled or conducted by defendant, and from aiding or abetting the public performance of such compositions in any such place or otherwise; further, that plaintiffs recover of the defendant the sum of Two Hundred Fifty [$250.00] Dollars on each count of the Complaint making a total amount of damages of Five Hundred [$500.00] Dollars; and further, that plaintiffs recover from defendant the costs of this action, as taxed by the Clerk of Court, and that plaintiffs further recover the sum of Two Hundred Fifty [$250.00] Dollars as attorneys' fees on each count of the Complaint making a total amount of Five Hundred [$500.00] Dollars to be ratably shared by plaintiffs as part of the costs. Let judgment be entered in accordance with the foregoing conclusions.

2. "§ 116. Costs; attorney's fees In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

Award of attorney's fees in copyright infringement action is discretionary with Court. Orgel v. Clark Boardman Co.

[C.A.N.Y.1962] 301 F.2d 119, certiorari denied 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed. 2d 58. At page 122 the Court said:
"Since such a provision for attorney's fees is at variance with the usual practice in litigation before our courts, however, it has been sparingly used and the amounts awarded modest."
See also M. Witmark & Sons v. Pastime Amusement Co. [E.D.S.C.] 298 F. 470, affirmed [4th Cir. 1924] 2 F.2d 1020.