**Mary M. BOURNE and Edwin H. Morris & Company, Inc., Plaintiffs,**

v.

**Robert W. FOUCHE and John H. Fouche, Defendants.**

**No. AC/1413.**

United States District Court
E. D. South Carolina,
Columbia Division.

March 5, 1965.

Edward D. Buckley, Bailey & Buckley, Charleston, S. C., I. T. Cohen, Atlanta, Ga., for plaintiffs.

Henry W. Kirkland, Law, Kirkland & Aaron, Columbia, S. C., for defendants.

WYCHE, District Judge (sitting by designation).

The above stated case is an action for infringement of copyright in two musical compositions SAN ANTONIO ROSE and MR. SANDMAN, on January 10th and 11th, 1964, by unauthorized public performances for profit at defendants' establishment known as the Skyline Club located at Columbia Airport in Cayce, South Carolina. Plaintiffs seek an injunction, statutory damages, costs and reasonable attorneys' fees.

Plaintiff Mary M. Bourne is the owner of the copyright in SAN ANTONIO ROSE and plaintiff Edwin H. Morris & Company, Inc. is the owner of the copyright in MR. SANDMAN.

Defendants own, control, manage, operate and maintain the Skyline Club, a place of business for public entertainment, accommodation, amusement and refreshment. Defendants employed musicians to furnish music on January 10th and 11th, 1964, at their place of business. Defendants maintained no records of the compositions actually played on January 10th and 11th, 1964.

On the evening of January 10–11, 1964, both works were played at defendants' place of business by giving public performances of such compositions on defendants' premises, for the entertainment and amusement of defendants'

patrons, for the purpose of profit. SAN ANTONIO ROSE as part of a medley was performed between 11:24 p. m. and 11:37 p. m. on January 10, 1964, and MR. SANDMAN was performed as part of a medley which began at 12:09 a. m. and ended at 12:22 a. m. on January 11, 1964.

The defendants did not know whether the compositions in suit were performed or not. The defendants had no permission to perform the compositions in suit. The band had been instructed by the defendants not to perform copyrighted musical works in the ASCAP repertory and the defendants had nothing to do with the choice of the compositions performed. Such choice was left to the leader of the group. A member of the band, who testified, did not know what songs were played and had made no list of them. The band leader selected the compositions performed.

Under the foregoing facts, it is my opinion that the performances were unauthorized and constituted infringement of copyright.

## OPINION

This is an action commenced pursuant to the provisions of 17 U.S.C.A. § 101 et seq., and this court has jurisdiction of this action pursuant to the provisions of 28 U.S.C.A. § 1338.

The works in suit were played at defendants' place of business by giving public performances of such compositions on defendants' premises for the entertainment and amusement of defendants' patrons, for the purpose of profit, and the performances were unauthorized and constituted an infringement of copyright. Herbert v. Shanley Co., 242 U.S. 591, 37 S.Ct. 232, 61 L.Ed. 511 (1917); M. Witmark & Sons v. Pastime Amusement Co., (E.D.S.C., 1924), 298 F. 470 (affirmed, 2 F.2d 1020 (CA 4, 1924)); Buck v. Heretis, (E.D.S.C.1928) 24 F. 2d 876; Buck v. Lester, (E.D.S.C., 1928) 24 F.2d 877; Edwin H. Morris & Company v. Munn, (E.D.S.C., 1964) 233 F. Supp. 71.

Defendants' defense is based on the belief that they are not responsible for infringing performances if such performances occurred without their knowledge or intent to infringe, or if the performances were rendered by musicians engaged as independent contractors, or if the performances were rendered by such musicians contrary to defendants' instructions.

The United States Supreme Court has held that one who hires an orchestra is liable even if he does not know or select the particular compositions played. In Buck v. Jewell-La Salle Realty Co., 283 U.S. 191, at page 198, 51 S.Ct. 410, at page 412, 75 L.Ed. 971 (1931), the Court said, "And knowledge of the particular selection to be played or received is immaterial. One who hires an orchestra for a public performance for profit is not relieved from a charge of infringement merely because he does not select the particular program to be played."

Judge Ernest F. Cochran held in M. Witmark & Sons v. Pastime Amusement Co., supra, that it is no defense that a musician is an independent contractor, and said at page 475 of 298 F. "The defendant's next defense is that the organist is an independent contractor, over whose actions while playing the defendant had no control. He who employs a musician to perform in an exhibition for profit, under a contract by which the musician has authority to play whatever compositions are, in accordance with her judgment, appropriate and fitting, must be held responsible for all that is done by the musician. By giving her that authority the employer acquiesces in and ratifies whatever she does. If under his contract he has parted with the right to exercise this control over her actions without making inquiry as to what she intends to play, he yet must be deemed to have taken part, and to have given her the general right to perform copyright compositions. Harms v. Cohen (D.C.) 279 Fed. 276, 278."

In Dreamland Ball Room v. Shapiro, Bernstein & Co., (CA 7, 1929) 36 F.2d

354, where defendants unsuccessfully sought to avoid liability for the unlicensed performances of plaintiff's musical compositions on the ground that the orchestra leader was an independent contractor, the Court said at page 355, "Appellants dispute liability on the ground that the contract with the orchestra made that organization an independent contractor, and, for its torts, it alone was liable. This contention has been made and rejected in numerous cases. The authorities are, we believe, unanimous in holding that the owner of a dance hall at whose place copyrighted musical composition(s) are played in violation of the rights of the copyright holder is liable, if the playing be for the profit of the proprietor of the dance hall. And this is so even though the orchestra be employed under a contract that would ordinarily make it an independent contractor."

In Harms v. Cohen, (D.C.Pa., 1922) 279 F. 276, page 278, the Court held, "As to the averments that the organist is an independent contractor, over whose actions, while playing, the defendant has no control, and that she plays only such short excerpts as may to her appear fitting and appropriate, they do not constitute a defense against the charge in the bill. He who employs a musician to perform in an exhibition for profit, under a contract by which the musician has authority to play whatever compositions are in accordance with her judgment appropriate and fitting, must be held responsible for all that is done by the musician."

In Shapiro, Bernstein & Co. v. Veltin, (D.C.La., 1942) 47 F.Supp. 648, the plaintiffs brought an action against the proprietor of a place of amusement alleging that without the knowledge, consent or authority of the copyright proprietors, the defendant had performed the plaintiffs' musical compositions. Defendant tried to evade responsibility for the unauthorized performances by introducing two agreements with the two orchestra leaders who had performed the two works in suit. Those contracts showed that the orchestra leaders had been requested to refrain from performing any ASCAP music and that the orchestra leaders had agreed not to perform any such music. In granting judgment for the plaintiffs, the Court said (at page 649), "This defense is unavailing.

" 'The rule of the common law applies, to wit, that the master is civilly liable in damages for the wrongful act of his servant in the transaction of the business which he was employed to do, although the particular act may have been done without express authority from the master, or even against his orders. McDonald v. Hearst, D.C., 95 F. (656), 657; M. Witmark & Sons v. Pastime Amusement Co., D.C., 298 F. 470.'

" 'Assuming that the defendant did not intend to infringe, the lack of intention does not affect the fact of liability. The result, and not the intention, determines the question of infringement. Lawrence v. Dana, Fed.Cas.No.8,136; Journal Pub. Co. v. Drake (9 Cir.), 199 F. 572; Reed v. Holliday, C.C., 19 F. 325; Harper v. Shoppell, C.C., 26 F. 519; Fishel v. Lueckel, C.C., 53 F. 499; Stern v. Jerome H. Remick & Co., C.C., 175 F. 282.'

"These two quotations are from the case of M. Witmark & Sons v. Calloway, D.C., 22 F.2d 412, 414."

The two plaintiffs and their respective separate claims are properly joined in this cause of action in that the separate claims for copyright infringement arose out of the same series of occurrences, and the questions of fact and law establishing copyright infringements are common to both claims.

Plaintiffs are, therefore, entitled to injunction and statutory minimum damages of Two Hundred Fifty ($250.00) Dollars, each, making a total of Five Hundred ($500.00) Dollars, and the costs of this action; together with attorneys' fees in the sum of One Hundred Fifty ($150.00) Dollars, on each count of the complaint, making a total amount of Three Hundred ($300.00) Dollars, as part of the costs, to be ratably shared by plaintiffs.

748

## ORDER

Therefore, it is ordered, That defendants, and all persons acting under their direction, control, permission or license be permanently enjoined and restrained from performing publicly each of the aforesaid compositions, and from causing or permitting the said compositions to be performed publicly at defendants' establishment known as the Skyline Club, or in any place owned, controlled or conducted by the defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

It is further ordered, That plaintiffs recover of the defendants the sum of Two Hundred Fifty ($250.00) Dollars, on each count of the complaint, making a total amount of damages of Five Hundred ($500.00) Dollars.

It is further ordered, That plaintiffs recover from defendants the costs of this action, and that plaintiffs further recover the sum of One Hundred Fifty ($150.00) Dollars, as attorneys' fees on each count of the complaint making a total amount of Three Hundred ($300.00) Dollars, as part of the costs, to be ratably shared by plaintiffs.

Let judgment be entered accordingly.