**SHAPIRO, BERNSTEIN & CO., Inc., et al., Plaintiffs,**

v.

**Donald GABOR, Defendant.**

**EDWARD B. MARKS MUSIC CORPORATION et al., Plaintiffs,**

v.

**Donald GABOR, Defendant.**

**CHAPPELL & CO., Inc., et al., Plaintiffs,**

v.

**Donald GABOR, Defendant.**

**Nos. 66 Civ. 2268–66 Civ. 2270.**

United States District Court
S. D. New York.

Nov. 16, 1966.

Pomerantz, Levy, Haudek & Block, New York City, for defendant (Richard M. Meyer and Abraham L. Pomerantz, New York City, of counsel).

Abeles & Clark, New York City, for plaintiffs (Julian T. Abeles and Robert C. Osterberg, New York City, of counsel).

## MEMORANDUM

MacMAHON, District Judge.

The question here is whether the parties have substituted private licensing agreements for the protections afforded them by Section 1(e) of the Copyright Act, 17 U.S.C.A. § 1(e). Relying on Edward B. Marks Music Corp. v. Foullon, 171 F.2d 905 (2 Cir. 1949), defendant moves to dismiss the complaint or for summary judgment, contending that plaintiffs have substituted private licensing agreements for their statutory rights and obligations.

The documents in question describe themselves as agreements and licenses and contain variations from the compulsory license provisions of the Copyright Act in such matters as (1) amounts of royalties; (2) payment on the basis of records manufactured and sold, instead of just on records manufactured; (3) time and manner of payment; (4) dispensing with notice requirements; and (5) the licensed territory. Nonetheless, with insubstantial variations, the documents upon which defendant relies recite expressly that defendant wished "to use said copyrighted work under the compulsory license provision of Section 1(e) of the Copyright Act upon the parts of instruments served to reproduce mechanically the copyrighted work," and further that defendant should "have all the rights which are granted to, and all the obligations which are imposed upon, users of said copyrighted work under the compulsory license provision of the Copyright Act * * *."

An agreement substantially identical with these was construed by Judge Weinfeld in Joy Music, Inc. v. Seeco Records, Inc., 166 F.Supp. 549 (S.D.N.Y.1958), and by Judge McLean in Gershwin Publishing Co. v. Charlie Parker Record Corp., Civil No. 63–768, S.D.N.Y., February 11, 1964, a case in which the defendant made the same argument as that made here. Both my brothers held that the relatively minor variations from the provisions of the Copyright Act were not sufficient to make the agreement a private licensing agreement. We agree with that construction, for it seems plain on the face of the documents that the parties intended that their relationship should be governed by the compulsory license provisions of the Copyright Act, and not by a private licensing agreement.

The nonpayment of the statutory royalty by Continental is conceded. Section 101(e) of the Copyright Act, "in treating 'unauthorized manufacture' as infringement, treats nonpayment of the statutory royalty as an act of infringement." Norbay Music, Inc. v. King Records, Inc., 290 F.2d 617, 620 (2 Cir. 1961); Edward B. Marks Music Corp. v. Foullon, supra, 171 F.2d at 907. The complaint alleges that such acts of infringement by Continental were perpetrated under the direction of defendant, as the president of said corporation, who in such capacity personally contributed to and participated and was concerned therein. Whether defendant did personally participate can only be determined after resolution of that issue of fact upon a trial. If he did participate in acts constituting an infringement, he is personally liable. H. M. Kolbe Co. v. Shaff, 240 F.Supp. 588, 589 (S.D.N.Y.) aff'd per curiam, 352 F.2d 285 (2 Cir. 1965).

Accordingly, the motion to dismiss the complaint and the alternative motion for summary judgment are in all respects denied.

It is so ordered. No further order is necessary.