**WARNER BROS.–SEVEN ARTS, INC., and Robbins Music Corp., Plaintiffs,**

v.

**Leo KALANTZAKIS and White Horse, Inc., Defendants.**

**Civ. A. No. 69–H–3.**

United States District Court,
S. D. Texas,
Houston Division.

April 21, 1971.

</div>

J. Kyle Duvall, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., C. O. Ryan, Kelley, Ryan & Merrill, Houston, Tex., for plaintiffs.

J. E. Tatum, Gibson & Tatum, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

BUE, District Judge.

This is an action for infringement of copyrights pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101 et seq. Two copyrighted musical compositions, "Days of Wine and Roses" and "Deep Purple" were allegedly performed for profit without authorization at the White Horse Cellar Club on August 13, 1968. Plaintiffs seek an injunction, statutory damages, costs and reasonable attorneys' fees against the Club's owner, White Horse, Inc., and its president, Leo Kalantzakis. This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1338.

The copyright statute grants the copyright proprietor of a musical composition the exclusive right "[t]o perform the copyrighted work publicly for profit. * * * " [1] Infringers of this provision are subject to both an injunction restraining the infringement and damages. The recoverable damages are to be either the actual damages suffered by the copyright owner or the amount that appears to the Court to be just, but said amount is not to exceed $5,000 nor to be less than $250.[2] Additionally, the prevailing party is entitled to reasonable attorney's fees.[3]

The parties have stipulated that (1) plaintiffs are the proper owners of the copyrights in question; (2) defendant Kalantzakis was president of White Horse, Inc. and had primary responsibility for the control and management of said Club; and (3) plaintiffs have been damaged if the musical compositions were performed as alleged.

There are only two issues in dispute: (1) Whether or not the above named musical compositions were performed on August 13, 1968; and (2) if so, whether or not defendant Kalantzakis' activities were such as to render him jointly and severally liable with White Horse, Inc., as a joint tort-feasor.

## I.

At the trial two credible witnesses testified that the two musical compositions, "Days of Wine and Roses" and "Deep Purple" were, in fact, performed on August 13, 1968 at the White Horse Cellar Club.[4] This Court so finds and,

---

1. 17 U.S.C. § 1(e).

2. 17 U.S.C. § 101. However, the limitations as to the amount of the recovery are inapplicable if the infringement occurred after the defendant received written notice that he was infringing the copyrights involved. *Id.*

3. 17 U.S.C. § 116.

4. These witnesses had been retained by the American Society of Composers, Authors, and Publishers for the specific purpose of going to defendants' establishment and making a detailed list of all recogniza-

as a result, concludes that plaintiffs' copyrights were infringed.

## II

Defendant Kalantzakis asserts that he should not be held jointly liable with the corporation. It is alleged that he did not have immediate control over the hiring of the combo who performed the compositions at the Club, nor did he have control over the selection of the individual compositions to be performed. Contrary to these allegations, plaintiffs presented substantial evidence that defendant Kalantzakis did, in fact, control the daily activities of the Club and utilized its corporate owner, White Horse, Inc., for his personal benefit. Specifically, the evidence indicates that the stock of White Horse, Inc. was owned by a second corporation, Golden Stein, Inc. The business operations of these two corporations were totally intermingled. White Horse, Inc. owned the Club's building lease, and the Golden Stein, Inc. owned the Club's inventory and furniture. Additionally, the directors of White Horse, Inc. and the Golden Stein, Inc. were practically the same, defendant Kalantzakis and his brother being on both boards. Finally, of Golden Stein's 10,000 shares of stock outstanding at the times material to this lawsuit, defendant Kalantzakis owned 8,500 of those shares.

Evidence was also presented that defendant Kalantzakis had been notified several times by a copyright licensing agency, the American Society of Composers, Authors and Publishers, that he had been and was infringing plaintiffs' copyrights.[5] Despite these warnings, defendant Kalantzakis took no corrective action.

It is well established that, if an officer, director or stockholder of a corporation participates in the actual infringement of a copyright then that person is subject to liability with the corporation as a joint tort-feasor. H. M. Kolbe Co. v. Shaff, 240 F.Supp. 588 (S.D.N.Y.), aff'd in part, 352 F.2d 285 (2d Cir. 1965); Shapiro, Bernstein & Co. v. Gabor, 266 F.Supp. 613 (S.D.N.Y. 1966); Pickwick Music Corp. v. Record Productions, Inc., 292 F.Supp. 39 (S.D. N.Y.1968). Additionally, when an officer uses a corporation as an instrument to carry out a deliberate infringement or to escape personal liability, he can be held individually liable. See Adventures in Good Eating, Inc. v. Best Places to Eat, Inc., 131 F.2d 809, 814 (7th Cir. 1942). See also 1 W. Fletcher, Cyclopedia of the Law of Private Corporations § 41, at 166 (1963 Rev.Ed.).

It is the conclusion of this Court that defendant Kalantzakis is jointly and severally liable with defendant White Horse, Inc. Accordingly, defendants and all persons acting under their control are hereby permanently enjoined from performing publicly both of the above named compositions, and from causing or permitting said compositions to be so performed. Further, plaintiffs are entitled to $350.00 in damages for each infringement or a total of $700.00. Plaintiffs are also entitled to $325.00 in attorneys' fees for each infringement or a total of $650.00.

The foregoing constitutes the Court's Findings of Fact and Conclusions of Law. The clerk will notify counsel.

Counsel shall prepare and submit an appropriate order.

---

ble musical compositions performed there on that date.

5. See plaintiffs' Exhibit No. 3.