**BOURNE COMPANY, et. al., Plaintiffs,**

v.

**Fayez KHALIL, Defendant.**

**No. 84–CV–5171–DT.**

United States District Court,
E.D. Michigan, S.D.

June 28, 1985.

Lawrence A. Nathanson, Detroit, Mich., for plaintiffs.

James A. Tucker, Detroit, Mich., for defendant.

## OPINION AND ORDER GRANTING LIMITED SUMMARY JUDGMENT TO PLAINTIFFS

La PLATA, District Judge.

In a copyright infringement action filed on November 25, 1983, Plaintiffs alleged that Defendant, Fayez Khalil, committed eight violative acts on August 17 and 18, 1983, in regard to licensed, original musical compositions, for which Plaintiffs were the copyright owners. According to Plaintiffs' Complaint,[1] Defendant was the owner and manager of the Starlite Lounge in Flat Rock, Michigan, the establishment at which the infringements allegedly occurred. Plaintiffs seek statutory damages, injunctive relief, and attorneys' fees against Defendant, under 17 U.S.C. §§ 504(c), 502(a), and 505, respectively.

Plaintiffs are members of the American Society of Composers, Authors, and Publishers (ASCAP), an organization consisting of approximately 3,500 members, to which Plaintiffs have granted nonexclusive rights to license nondramatic public performances of their copyrighted musical compositions. In support of their cause of action, Plaintiffs claim that (1) Defendant does not possess a license agreement from Plaintiffs or ASCAP regarding the compositions; (2) they were the proprietors of the compositions at the time the infringements were committed; and (3) despite having notice of the protected nature of the musical compositions, Defendant continues to permit the protected songs to be publicly performed at the Starlite Lounge.

On May 31, 1984, Plaintiffs filed a Motion for Summary Judgment, contending that no issues of material fact exist regarding their ownership of the musical works and that unauthorized public performances of the compositions occurred at the Starlite Lounge in August, 1983. Appended to Plaintiffs' Motion are Affidavits of Sheryl Schiff and Cynthia Weisberg, who were employed by ASCAP for the limited purpose of visiting the Starlite Lounge on August 17 and 18, 1983, to prepare compilations of musical compositions that were publicly performed. On those dates, the affiants recorded the names of the songs performed by a five-piece musical group known as "Bob Sanderson and the Porcupine Mountain Band." Among the songs performed were those that are the subject of the lawsuit.

While opposing Plaintiffs' Motion for Summary Judgment, the individual Defendant, Khalil, does not seriously contest that the eight allegedly protected songs were performed at his establishment. Rather, he asserts that, even if the songs were performed, he is not liable for copyright infringement, for the following reasons: (1) the daily activities of the Starlite Lounge are overseen by his managers; (2) he was not aware that Starlite Lounge may have been in violation of United States Copyright laws; (3) assuming that a copyright infringement occurred, it did not take place under his direction or with his permission; (4) his violations of the copyright laws, if any, were not willful.

■ For a claimant to prevail in an infringement action involving copyrighted musical compositions, he must prove that five elements coexist:

1. The originality and authorship of the compositions involved;

2. Compliance with all formalities required to procure a copyright under 17 U.S.C. § 101, *et seq.;*

3. That he is the proprietor of the copyrights of the compositions involved in the case;

4. The compositions were performed publicly for profit; and

5. The Defendant had not received permission from the claimant or his representative for the performance. See *Chess Music, Inc. v. Tadych,* 467 F.Supp. 819, 821 (E.D.Wis.1979).

---

1. On June 24, 1985, this Court granted Plaintiffs' Motion to Add Starlite Lounge, Inc. as a Defendant.

17 U.S.C. § 501(a) prescribes that anyone who violates an exclusive right of a copyright owner is an infringer of the copyright. As applied to musical works, Section 106 of the Copyright Act provides that the owner of the copyright has the exclusive rights both to perform the copyrighted composition publicly and to authorize the performance of a copyrighted work. A benefit derived by the copyright owner is the power to lease or license performances by others on stipulated terms. See *Westway Theatre v. Twentieth Century-Fox Film Corp.*, 30 F.Supp. 830 (D.Md.1940), aff'd 113 F.2d 932 (4th Cir.1940).

In the matter at bar, the Court determines, as a matter of law, based on the uncontroverted affidavits of Schiff and Weisberg, that the eight allegedly protected musical compositions were publicly performed at the Starlite Lounge on August 17–18, 1981.

■ The Court declines, at least at this juncture, to hold that Plaintiffs were the copyright owners of the eight musical compositions. Under the Copyright Act, certificates of registration issue by the Copyright Office constitute prima facie evidence of the Plaintiffs' copyright. 17 U.S.C. § 410(c); *Williams Electronics, Inc. v. Artic International Inc.*, 685 F.2d 870, 873 (3rd Cir.1982). While Plaintiffs have attached copyright registration certificates for the subject songs to their Motion for Summary Judgment, only a nonconclusive presumption of copyrightability arises, shifting the burden of proof on that issue at trial to the Defendant. *Goldman-Morgen, Inc. v. Dan Brechner & Co., Inc.*, 411 F.Supp. 382, 387 (S.D.N.Y.1976).

■ As to the liability of Khalil, the individual defendant, this Court holds that a question of fact exists as to whether he is individually liable for any copyright infringements. Contrary to Plaintiffs' assertions, Khalil, as the sole shareholder and manager of Starlite Lounge, Inc., is not ipso facto liable for the allegedly wrongful appropriation of the works. In *Shapiro, Bernstein & Co. v. Gabor*, 266 F.Supp. 613, 61 (S.D.N.Y.1966), the District Court held that it was a question of fact as to whether the corporation's president personally participated in infringement violations committed by the corporation. In the case of *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 913–14 (D.Conn.1980), the Court delineated guidelines for determining the liability of a corporate officer in a copyright infringement action concerning musical compositions.

WHEREFORE, the Court DENIES Plaintiffs' Motion for Summary Judgment. The case will proceed to trial against two Defendants: Starlite Lounge, Inc. and its sole shareholder, Fayez Khalil. The Court GRANTS a partial summary judgment in favor of Plaintiffs solely on the issue of whether the eight allegedly protected compositions were performed at the Starlite Lounge on August 17 and 18, 1983.

So Ordered.